L & S Tasta Pizza, Inc. and Travelers Insurance Company, Petitioners *v.* Paul Lundy and Workmen's Compensation Appeal Board, Respondents.

Submitted on briefs, August 3, 1976, to President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

James P. Lay, III, with him *Gifford and Lay*, for appellants.

*Anthony H. Chambers*, with him *Chambers & Crisman*, for appellee.

OPINION BY JUDGE ROGERS, December 3, 1976:

L & S Tasta Pizza, Inc. and its insurance carrier, The Travelers Insurance Company, have filed a petition for review of the following order of the Workmen's Compensation Appeal Board:

> The Award of Referee Harrington is set aside and this case is remanded because the Findings of Fact as to the heart attack being related to employment are insufficienet. Therefore the Referee is to make more specific findings; and appropriate conclusions and disposition.

Paul Lundy, an employee of L & A Tasta Pizza, Inc., who claims that he suffered a heart attack while in the course of his employment, has moved to quash the appeal, citing the general rule that orders of the Appeal Board remanding matters to referees for further action are interlocutory and not appealable. *Royal Pioneer Industries, Inc. v. W.C.A.B.*, 11 Pa. Commonwealth Ct. 132, 309 A.2d 831 (1973). The appellants' counter that this case falls within the exception of *United Metal Fabricators, Inc. v. Zindash*, 8 Pa. Commonwealth Ct. 339, 301 A.2d 708 (1973), where we held that because the record under review could

support no conclusion other than a denial of compensation as ordered by a referee, the Appeal Board's order of remand to take further evidence could serve only to delay an inevitable result and was, therefore, reviewable and subject to reversal.

We conclude that *Zindash, supra,* has no application. First, the order which we are here asked to review does not remand the case for further evidence but only for more specific findings on the subject of the relationship of the claimant's heart attack to his employment. We wholly agree with the Board that the finding of the referee that "On 6-9-74, while in the course of his employment with the defendant, claimant sustained a heart attack" is inadequate as the basis for review by the Board.

The evidence in this case apparently at one time consisted of the testimony of the claimant and two depositions made by the claimant's treating physician. This evidence was taken at two hearings. The claimant's testimony and the first of the doctor's depositions were adduced at the first hearing, and the doctor's second deposition seems to have been received at the second hearing. The claimant testified that he suffered his heart attack while at work. Neither of the doctor's depositions is in the record certified to us by the Board. Counsel for the claimant has attached to a reply brief what appears to be the deposition received at the second hearing. This would indicate that a history given by the claimant recorded that his heart attack occurred at 5:00 o'clock in the morning while he was at home in bed. We are advised by claimant's counsel that this deposition conflicts with the doctor's deposition received at the first hearing, which is neither in the record nor otherwise supplied.

Where, as here, the facts are in conflict, it is clearly the duty of the referee to find when and under what

circumstances the claimant suffered his heart attack. The referee's finding that a heart attack occurred "while in the course of his employment" was insufficient.

Finally, if either of the parties expect review by the Board or a Court, it should see that the missing depositions are made a part of the Board's records.

ORDER

AND Now, this 3rd day of December, 1976, the appeal of L & S Tasta Pizza, Inc. and the Travelers Insurance Company is hereby quashed.