Crucible, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Louis J. Merendo, Respondents.

Argued March 2, 1978, before Judges CRUMLISH, JR., ROGERS and DiSALLE, sitting as a panel of three.

*Joseph A. Fricker, Jr.,* for petitioner.

*Frank S. Kelker,* with him *Kelker and Kelker,* and *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE DiSALLE, May 1, 1978:

This case comes before this Court upon the Employer's petition for review of an order of the Work-

men's Compensation Appeal Board (Board) dated February 17, 1977. The Board awarded workmen's compensation benefits to Louis J. Merendo (Claimant) pursuant to a petition for reinstatement filed as a result of a recurrence of a temporary total disability. The compensation awarded was for the period of October 3, 1975, through October 31, 1975, inclusive. We affirm.

Claimant is an employe of Crucible, Inc. (Employer). On June 23, 1975, the Claimant suffered a knee injury for which he received compensation for total disability from June 23, 1975, through September 28, 1975. Claimant returned to work on September 29, 1975. Two days later, however, on October 1, the Claimant complained to his foreman about this same knee injury and about a burn he had received while working that day. The foreman gave him permission to see the plant nurse and the Claimant received medical aid for the burn and heat treatment for his knee. On October 2, 1975 the Claimant did not work because of a breakdown in the plant machinery.

On October 3, 1975, the Claimant called the Employer's chief clerk and informed him that he would not be reporting for work until further notice because his knee was hurting. The Claimant subsequently attempted to work on October 7, but returned home when he was assigned to a labor job. He informed the foreman prior to leaving that day of his inability to do any heavy labor because of his knee. Thereafter, Claimant did not work for the remainder of the month of October.

On October 31, 1975, the Claimant was examined by Dr. Hoyt, the plant physician. Dr. Hoyt advised the Claimant to return to work until he was examined by Dr. Helsing, the physician who had treated Claimant's knee during the period of his original disbility. Dr. Hoyt scheduled the Claimant to see Dr. Helsing

on November 25, 1975. The Claimant returned to work on November 1, 1975. He saw Dr. Helsing as scheduled and was advised by the physician to continue working and see how his knee responded. On December 16, 1975, after continued difficulty, Claimant was placed by Dr. Hoyt on compensation for a tear of the bilateral cartilage in his knee. Claimant received workmen's compensation from December 16 through February of 1976.

Although the Employer voluntarily paid compensation from June 23, 1975, to September 28, 1975, and from December 16, 1975, to February 28, 1976, it refuses to pay compensation for the month of October, 1975, thus precipitating Claimant's filing of the instant petition. After hearing, the referee granted the petition and awarded the Claimant benefits for temporary total disability for that month. On appeal, the referee's determination was affirmed by the Board.

The Employer's petition for review raises two issues: (1) The record does not contain sufficient competent evidence of knowledge by or notice to the Employer that the Claimant was totally disabled and (2) there is not sufficient competent evidence in the record to support the referee's finding of total disability. We do not agree with either of the Employer's contentions.

Sections 311, 312 and 313 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§631-33 require that the Employer in a workmen's compensation case be put on notice within twenty-one days of the employe's injury. This Court stated in *Padilla v. Chain Bike Corp.,* 27 Pa. Commonwealth Ct. 190, 192, 365 A.2d 903, 904 (1976) that "[t]he purpose of requiring such notice is, of course, to protect the employer from claims for accidental injuries of which he would have no knowledge, made after opportunity had passed for

a full and complete examination thereof." (Citations omitted.)

The record shows that the Employer's nurse treated claimant's knee on October 1, 1975, in a manner in which she had done several times previous to his initial period of disability. The nurse's testimony also indicates that she was aware that a medical history existed on the Claimant's knee. The testimony of the Employer's foreman in charge when the Claimant returned to work in September indicates that he too was aware of the Claimant's knee problems. Finally, the Claimant testified that he informed another of the Employer's foremen on October 7, 1975, that because of his knee he would not be able to perform a laboring job.

Questions of credibility and the resolution of conflicting testimony are for the referee, not the reviewing court. With this in mind we must conclude that there exists sufficient competent evidence in the record to support the determination that the Employer was put on notice of the recurrence of the Claimant's disability.

The record likewise contains sufficient competent evidence to support the referee's finding that the Claimant was totally disabled. Claimant was on total disability compensation from June 23, 1975, through September 28, 1975, due to a knee injury. Upon returning to work he continued receiving medical care and treatment for this same knee injury. Although Claimant returned to work, he constantly notified the Employer's personnel, including the plant physician and nurse, of his continuing problems with his knee, and he was eventually placed on total disability compensation on December 16, 1975, for the same injury for which he received compensation from June to September, 1975. There is sufficient competent evidence to support the referee's determination that the

Claimant was totally disabled during the one month period in question.

ORDER

AND Now, this 1st day of May, 1978, the order of the Workmen's Compensation Appeal Board at Docket No. A-71738, affirming a referee's award of compensation to Louis J. Merendo for total disability is hereby affirmed. Accordingly it is ordered that judgment be entered against Crucible, Inc., and in favor of Louis J. Merendo in the amount of $171.00 per week beginning October 3, 1975, and continuing through October 31, 1975, inclusive, in the amount of $708.43, together with interest on the aforesaid amount at the rate of ten percent (10%) per annum pursuant to Section 406.1 of the Act, 77 P.S. §717.1.