Vernon E. Livingston, Petitioner *v.* Workmen's Compensation Appeal Board (Upper Yoder Township), Respondents.

Submitted on briefs May 6, 1982, to Judges BLATT, WILLIAMS, JR. and MacPHAIL, sitting as a panel of three.

*James R. DiFrancesco,* for petitioner.

*Edward G. Kuyat, Jr.,* for respondents.

OPINION BY JUDGE MacPHAIL, July 19, 1982:

In this appeal by the Claimant[1] from a decision of the Workmen's Compensation Appeal Board (Board)

---

[1] Vernon E. Livingston.

awarding partial disability benefits only, the issue is whether the Employer[2] met its burden of proving the availability of suitable work within the Claimant's physical capabilities. The referee found as a fact that the Employer had met its burden and his decision was affirmed by the Board.

None of the underlying facts in this case are in dispute. On May 16, 1977, Claimant suffered a compensable injury as a result of which a Notice of Compensation Payable was executed by Employer's insurance carrier awarding total disability payments to Claimant. Those payments continued until the effective date of an automatic supersedeas entered pursuant to a physician's affidavit of full recovery executed January 28, 1980.

At the hearing on Employer's petition to terminate, the Employer offered medical testimony by way of deposition which fully supports the referee's finding of partial disability. Unless the Employer proves also that there is available work within the Claimant's physical limitations, however, the medical evidence of partial as opposed to total disability in and of itself is insufficient to reduce the award. *State Products Corporation v. Workmen's Compensation Appeal Board,* 61 Pa. Commonwealth Ct. 366, 434 A.2d 207 (1981). In the instant case, the only evidence of available work was a mailgram from Vocational Rehabilitation Services, Inc. which Claimant admitted receiving in July, 1979, which stated that a school bus driving job was available *at that time.* The Claimant refused that job because he felt he was physically incapable of handling it. The physician who examined the Claimant for the Employer in January, 1980, testified by way of deposition on April 1, 1980, that in his opinion, such a job would be within Claimant's physi-

---

[2] Upper Yoder Township.

cal capabilities. All of the physician's relevant testimony was as to facts in praesenti and not at some prior point in time.[3] Neither at the referee's hearing of February 27, 1980, nor at the continued hearing held August 13, 1980, did the Employer offer any evidence that the school bus job was available *at that time;* nevertheless, the referee found that

> 8. Work *is* available to the claimant that he could perform within the limitations of his disability operating a school bus for the McIllwain Bus Lines, 1559 Ferndale Avenue, Johnstown, PA. which job would pay wages at the rate of $85 per week which would result in loss of earnings of $96.60. (Emphasis added.)

We repeat, there is nothing in the record that would show that the bus driving job was available at any time other than in July of 1979.

It is our view that in order to meet his burden, Employer must show that suitable work is available at the time the Claimant. is found to be partially disabled. As this Court said in *Workmen's Compensation Appeal Board v. Universal Cyclops,* 20 Pa. Commonwealth Ct. 261, 265, 341 A.2d 223, 225 (1975)

> The Employer need not prove an actual job offer, only that jobs within a claimant's physical capacity and qualifications *are available within the relevant labor market.* (Emphasis added.)

---

[3] A. . . . So I think that Mr. Livingston could perform some light duty type of work activity. . . . (N.T. 15).

Q. Do you have an opinion as to whether or not he could perform light duty over an eight hour period?

A. It would depend upon again the type of work activity. . . . (N.T. 16).

Q. And, I take it *at this time* from your testimony that your opinion is that Mr. Livingston is suffering from at least a partial disability *at this time?*

A. That is correct. (N.T. 19) (Emphasis added.)

Where an employer's only evidence of suitable work consists of something which *was* available six months prior to a physical examination which showed Claimant to be partially rather than totally disabled, and seven to twelve months prior to the referee's hearings, we must conclude that the Employer has failed to meet its burden of showing that suitable work *is* available within the relevant labor market.

Because the referee's critical finding that work *is* available to the Claimant is not supported by substantial evidence, we must reverse.

### Order

The order of the Workmen's Compensation Appeal Board dated April 16, 1981, is reversed. The Notice of Compensation Payable is reinstated. Deferred payments of compensation shall bear interest at the statutory rate. Counsel fees in the amount of $105.00 are approved for payment to James R. DiFrancesco, Esquire, Johnstown, Pa.