King Fifth Wheel, Petitioner *v.* Workmen's Compensation Appeal Board (Rhodes), Respondents.

Argued September 15, 1983, before Judges MAC-PHAIL, DOYLE and BARBIERI, sitting as a panel of three.

*Hugh F. Mundy, Dougherty & Mundy,* for petitioner.

*Joseph A. Lach, Hourigan, Kluger & Spohrer Associates,* for respondents.

OPINION BY JUDGE BARBIERI, December 30, 1983:

King Fifth Wheel (Employer) appeals here from an order of the Workmen's Compensation Appeal Board (Board) which reversed the action of the referee in reducing, from total to partial, benefits payable to Claimant, Thomas Rhodes. The Board ordered reinstatment of total disability compensation. We will affirm.

The facts in this case are relatively uncomplicated. Claimant suffered a back injury on February 8, 1979 for which total disability compensation was paid pursuant to a Notice of Compensation Payable. On September 22, 1980, Claimant's employer filed a modification petition averring therein that Claimant had become only partially disabled. The testimony of the Employer's and Claimant's medical witnesses was substantially to the effect that Claimant continued to be disabled, but could undertake some type of employ-

ment. Employer's medical witness, Dr. Joseph R. Sgarlat, attributed Claimant's disability to a herniated disc in the lumbar spine. In his opinion, Claimant could "perform some form of gainful employment" and was "capable of performing what is called medium work." Dr. Lewis L. Rogers, testifying on behalf of Claimant, was also of the opinion that Claimant continued to be disabled, testifying that Claimant could not lift more than ten to fifteen pounds; that he could not stand for more than one to two hours or sit for more than three to four hours; that Claimant would not be able "to be gainfully employed for any eight hour day and handle weights [beyond the] ten pound limit." As the referee noted in his fifth Finding of Fact, Dr. Rogers "ruled out sedentary work and ruled out any work which would require the Claimant to have to either stand or sit for any extended period of time and also limited the amount of weight which the Claimant could lift." At a hearing held on April 9, 1982, the employer took the testimony of Keven Russin, who described himself as a "vocational rehabilitation counsellor," but who was by defendant's own statement of record not qualified as an expert witness, nor called for opinion testimony. This testimony, objected to as hearsay, was that three positions were open for applicants, one of which, "dental lab technician," was considered by the referee to be "available on April 7, 1981 at the Shaw Laboratories, Inc." Mr. Russin stated that the job was one for which there would be a "training period" under "constant supervision for up to three months and after that would be less training or directed supervision." The referee found "that the job was available on April 7, 1981 at the Shaw Laboratories, Inc.," and ordered the reduction of Claimant's compensation from total to partial disability benefits. On appeal, the Board reversed, stating:

The defendant presented no evidence on the claimant's qualifications for the job of dental lab trainee. The record is completely devoid of any evidence concerning claimant's educational or work background. The record is equally barren as to what if any qualifications are necessary for the job of dental lab trainee.

We conclude that although the defendant proved that the claimant was *capable* of performing the job, the defendant failed to prove it was available to the claimant. (Emphasis added.)

In general, we agree with the statements by the Board,[1] but wish to note our observations on our study of the entire record in this case. Mr. Russin, testified as to a job open and not necessarily a job available. There is no evidence that the job described is available to this Claimant in his state of disability as described by both medical witnesses; Claimant was never told of the existence of this opening or of any other of the jobs described by Russin but which were rejected by the referee; there is no testimony as to the Claimant's ability to perform the work as described, either from the medical witnesses or from others; and, most importantly, there is no evidence that the employer named was willing to accept Claimant as an employee with his current physical limitations.

We are aware, of course, that where the party with the burden of proof prevailed before the referee, and the Board takes no additional evidence, our review is limited to the determination of whether constitutional rights have been violated, whether an error of law was committed, or whether a necessary finding of fact was unsupported by substantial evidence. *Lehman v.*

---

[1] In affirming we construe the word "capable" emphasized above as indicating that the Claimant was *physically* capable of performing the job, and not otherwise capable.

*Workmen's Compensation Appeal Board,* 64 Pa. Commonwealth Ct. 381, 439 A.2d 1362 (1982).

In this case, it is clear that the sole issue is whether or not the referee's findings, reducing disability from total to partial, are supported by substantial evidence.

First, we note that the referee found that there was available employment as of April 7, 1981, based on testimony at a hearing on April 9, 1981, when Claimant learned for the first time of the suggested job opening. We note, also, that the reduction in disability benefits was ordered by the referee as of March 19, 1981. Furthermore, the suggested availability of a job for the Claimant was not based upon the testimony of an expert witness, as in *Dreher v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 473, 393 A.2d 1081 (1978). Actually, we find more influential the reasoning in *Livingston v. Workmen's Compensation Appeal Board,* 67 Pa. Commonwealth Ct. 497, 447 A.2d 715 (1982). As we pointed out in *Livingston,* it is not sufficient to offer medical testimony to support a referee's finding of partial disability; the employer's burden of proof requires more. We there stated that "[u]nless the Employer proves also that there is available work within the Claimant's physical limitations, however, the medical evidence of partial as opposed to total disability in and of itself is insufficient to reduce the award." In *Livingston,* moreover, a mailgram was received by the Claimant who refused the employment, yet we held that there was nothing in the record to prove that the job was available at any time other than the date on which it was received by Claimant, a considerable time prior to the hearings on which the referee's decision was based. Here there is no evidence that the existence of employment of any kind was ever communicated to the Claimant prior to the hearing on April 9, 1981. Also, as the Board pointed out, there is

no evidence as to Claimant's qualifications or what qualifications are necessary to fill the job; and, of course, no evidence that the employer would hire a person who was severely disabled as is the Claimant; and, indeed, there is no expert testimony to support defendant's burden to show that "other work is available to the Claimant which he is capable of obtaining" to satisfy the requirements as set forth by our Supreme Court in *Barrett v. Otis Elevator Co.*, 431 Pa. 446, 246 A.2d 668 (1968) and *Petrone v. Moffat Coal Co.*, 427 Pa. 5, 233 A.2d 891 (1967).

Accordingly, for the reasons set forth, we will affirm.

### Order

Now, December 30, 1983, the order of the Workmen's Compensation Appeal Board at No. A-81496, dated November 12, 1982, is affirmed.

Judge MacPhail concurs in the result only.