505 A.2d 1372

Port Authority of Allegheny County, Petitioner *v.* Workmen's Compensation Appeal Board (Hamilton), Respondents.

Submitted on briefs October 10, 1985, to Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*James H. Norris, Eckert, Seamans, Cherin & Mellott,* for petitioner.

*Gordon David Fisher, Titus, Marcus & Shapira,* for respondent, William M. Hamilton.

OPINION BY SENIOR JUDGE KALISH, March 14, 1986:
The Port Authority of Allegheny County has petitioned this court for review of an order of the Work-

men's Compensation Appeal Board (Board) affirming a referee's decision. The referee granted the petition of the claimant, William M. Hamilton, to set aside a final receipt.

The claimant was injured in a work-related accident on April 28, 1975, when the Port Authority bus he was operating collided with a truck. The claimant filed a claim petition and received workers' compensation for a short period of time. He signed a final receipt of compensation on May 19, 1975. Almost three years later, on May 5, 1978, the claimant filed another claim petition based on the April 28, 1975 accident. The Port Authority answered the claim petition by denying certain factual allegations contained in it and by asserting the claim petition was improper because a final receipt regarding compensation for the April 28, 1975 accident had already been signed. On August 9, 1978, the claimant filed with both the Bureau of Workers' Compensation and a referee, a petition to set aside the final receipt, and a petition to amend the claim petition by the filing of a petition to set aside the final receipt. A hearing was held and the referee issued a decision in favor of the claimant. The Authority appealed to the Board which first remanded the case to the referee to obtain a complete record of the proceedings, and then later issued a decision affirming the referee. The Port Authority timely petitioned this court for review.

In a workers' compensation case such as the instant appeal, where the claimant had the burden of proof and prevailed before the referee, and where the Board took no additional evidence, review by the Commonwealth Court is limited to determining whether any constitutional rights were violated, whether an error of law was committed or whether any necessary findings of fact were not supported by substantial evidence. *King Fifth Wheel v. Workmen's Compensation Appeal Board*

*(Rhodes),* 79 Pa. Commonwealth Ct. 300, 468 A.2d 1211 (1983). Mindful of our scope of review, we will address the issues properly raised by the Port Authority in its appeal.

The Port Authority's first contention is that the findings of fact and conclusions of law of the referee are vague and not sufficiently specific on crucial issues which are necessary for this court to properly apply the law. Consequently, the Port Authority argues that the Board erred in not granting its request for a remand. The Port Authority specifically points to the following findings as being inadequate for appellate review:

3. Subsequent to April 28, 1975, claimant suffered serious medical problems.

5. Subsequent to April 28, 1975, claimant incurred substantial medical expenses in connection with the aforesaid serious medical problems.

6. Subsequent to April 28, 1975, claimant lost substantial time from work as a result of the aforesaid serious medical problems.

13. Claimant suffered injuries in the aforesaid motor vehicle accident which have resulted in total disability for various periods from April 28, 1975 and thereafter, loss of wages and impairment of earnings for various periods from April 28, 1975 and thereafter, and various medical expenses commencing April 28, 1975 and thereafter.

In *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975), this court held that the Board is empowered to remand cases to the referee under section 419 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §852, in situations where the findings

of the referee are not supported by competent evidence and where the referee has failed to make a finding on a crucial issue, necessary for the proper application of the law. *See also LoRubbio v. Workmen's Compensation Appeal Board,* 49 Pa. Commonwealth Ct. 529, 411 A.2d 866 (1980). It is the duty of the referee to make findings which are sufficiently specific to reach the legal conclusions necessary to dispose of the case. *L & S Tasta Pizza, Inc. v. Lundy,* 27 Pa. Commonwealth Ct. 373, 366 A.2d 592 (1976). Furthermore, the referee must make findings of fact on all essential issues. *Adamo v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 530, 425 A.2d 63 (1981). Under the authority of section 706 of the Judicial Code, 42 Pa. C. S. §706, it is appropriate for the Commonwealth Court to remand a workers' compensation case when the order appealed from is contradictory, ambiguous and generally unintelligible. *Newton v. Workmen's Compensation Appeal Board (Department of Labor and Industry),* 82 Pa. Commonwealth Ct. 534, 475 A.2d 1353 (1984). A remand is not warranted when the findings of fact are clearly adequate for review and the record reveals that the party seeking the remand simply failed to sustain the burden of proof. *Elliott v. Workmen's Compensation Appeal Board (C. S. Engineers, Inc.),* 72 Pa. Commonwealth Ct. 195, 455 A.2d 1299 (1983).

We agree with the Port Authority that the referee's findings are inadequate for appellate review. Nowhere in the findings are we informed of the nature of the "serious medical problems" which the claimant began to suffer subsequent to his April 28, 1975 motor vehicle accident. Nowhere in the findings does the referee specify the "substantial medical expenses" which the claimant incurred in connection with the "serious medical problems." The referee's findings Nos. 6 and 13 are also too vague for appellate review. Finding No. 13

states that the claimant suffered injuries which resulted in total disability for various periods after April 28, 1975, and loss of wages and impairment of earnings for "various periods" from the same date. Finding No. 6 simply states that the claimant lost substantial time from work as a result of the "serious medical problems." We can gather from these two findings that the claimant underwent periods during which he was totally disabled, partially disabled, and totally able to work. Unfortunately, the referee made no findings setting forth the periods for which the claimant is to receive compensation, nor does the referee determine the percentage of the claimant's disability during those periods when he was partially disabled.

We also conclude that the referee has failed to make any findings whatsoever on two issues squarely placed before him by the Port Authority. The Port Authority, in its contest of the claimant's claim petition, raised the issue of whether the claimant had given notice to the Port Authority of his recurrence of disability within 120 days of its onset, as required by section 311 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §631. *See Crucible, Inc. v. Workmen's Compensation Appeal Board,* 35 Pa. Commonwealth Ct. 146, 385 A.2d 612 (1978). Here, where the referee failed to make a finding on whether the claimant properly gave notice to the employer, we must remand for findings on this issue.

Lastly, the issue of whether it was reasonable for the employer to contest the claimant's petition to set aside a final receipt was also before the referee. Although the referee ruled in favor of the claimant and awarded attorneys' fees, no findings were made to support this legal conclusion. Consequently, we will remand for findings of fact on this issue. We would note, however, the award of attorney's fees appears to be an error of law

because in signing the final receipt, the claimant admitted that he has fully recovered. Thus, it is difficult to perceive the unreasonableness of the employer's contest of the petition to set aside the final receipt. Still, there may be facts in the record which would, if found by the referee, support its conclusion to the contrary.

Therefore, we will remand for proceedings not inconsistent with this opinion.

## ORDER

The order of the Workmen's Compensation Appeal Board in Decision No. A-78455, dated August 3, 1984, is vacated and remanded for proceedings not inconsistent with this opinion. Jurisdiction relinquished.