524 A.2d 550

Edward Hammer, Petitioner *v.* Workmen's Compensation Appeal Board (Gannondale), Respondents.

Submitted on briefs October 9, 1986, to Judges BARRY, COLINS (P) and PALLADINO, sitting as a panel of three.

*John H. Moore,* for petitioner.

*Carl N. Moore, Knox, Graham, McLaughlin, Gornall and Sennett, Inc.,* for respondent, Gannondale.

OPINION BY JUDGE PALLADINO, April 21, 1987:

This is an appeal from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a Referee's order dismissing Edward Hammer's (Petitioner) claim petition.

On February 12, 1980, Petitioner, while employed as a maintenance man at Gannondale (Employer), a home for girls, twice slipped and fell on ice injuring his elbow and shoulder. By the spring of 1980, Petitioner began to experience atrophy in his right arm and hand. However, Petitioner continued to work for his Employer until December, 1980, when, because of the progression of his symptoms, he was admitted to a hospital for medical tests.

Petitioner filed a claim petition for workmen's compensation benefits alleging nerve damage to his neck, right shoulder and arm. He contended that these inju-

ries resulted from his fall at work, in February, 1980. A hearing was held and the Referee concluded Petitioner failed to prove that any disability from which Petitioner was suffering resulted from an injury sustained in the course of employment. On appeal to the Board, the Referee's order was affirmed.

At issue in the appeal before this Court are the Referee's following findings of fact:

7. Taking into consideration all the testimony in the record, your Referee finds that although the Claimant did fall on February 12, 1980, the Claimant did not suffer any disability as a result of the said falls.

8. Taking into consideration all the testimony in the record, your Referee further finds that any disability from which the Claimant may be suffering is unrelated to any injury in the course of his employment with the Defendant Home.

Petitioner asserts that these findings are not supported by testimony of his treating physician who opined that Petitioner's disability was causally related to his falling while at work in February, 1980. The Referee acknowledged the testimony of Petitioner's physician in Finding of Fact # 4:

4. In further support of his petition, the Claimant presented the testimony of Daniel C. Carneval, D.O., his treating physician. He first diagnosed the Claimant's condition as soft tissue injuries of his neck and shoulder. Then the Claimant began developing neurological deficits. In mid to late spring of 1980, Dr. Carneval noticed that the Claimant was beginning to have atrophy in his right arm and hand. A myelogram performed revealed a rather severe, significant deficit in the C4-5 levels and to a lesser extent to the levels above and below C4 and C5. This was

consistent with pressure on the nerves that supplied the shoulder and hand. In addition thereto, the Claimant has spondylosis which Dr. Carneval testified was a degenerative disease. It was his opinion based on a natural history of the Claimant's type of problem and based on the fact that as far as Dr. Carneval's records reveal, the Claimant had no prior clinical symptoms referable to this area, that the physical findings were the result of the injury that Claimant sustained when he fell on February 12, 1980. Dr. Carneval was further of the opinion that the Claimant could not do the work he did at the time of his injury. He was not aware that the Claimant was treated for arthritis to his back beginning in 1976.

However, the Employer presented conflicting medical testimony of Dr. Berardino DiStefano which the Referee accepted as fact:

6. The Defendant also presented the testimony of Berardino DiStefano, M.D., a specialist in internal medicine. He saw the Claimant on December 2, 1980. He testified that prior thereto beginning in 1976 a partner of his was treating the Claimant for arthritis. X-rays taken on March 1, 1976, revealed hypertrophic osteoarthritic changes in the Claimant's lumbar spine. X-rays taken on March 22, 1978, revealed degenerative changes in the dorsal spine, and finally, x-rays taken on January 22, 1981, revealed marked degenerative disc disease at C5-6, C6-7 and C7-D1. Dr. DiStefano was of the opinion that Claimant has a rather severe form of osteoarthritis which has created overgrowths, osteophytes. This narrowing of the space, the intervertebral space, therefore, is encroaching or impinging on

the nerves coming out of the spine and producing the neuropathy from which Claimant suffers. He was of the firm opinion that there was no causal connection between the Claimant's condition and the fall which he suffered in February of 1980. Dr. DiStefano was also of the opinion that the Claimant should have been able to continue with his work in general maintenance at the Defendant Home. Your Referee accepts his testimony as fact.

The record contains the testimony of Dr. DiStefano who, when asked whether there was a causal connection between Petitioner's complaints and his fall in February, 1980, responded: "No, I don't think it's possible. . . . [H]e already had degenerative arthritis involving the spine, . . . and the fall was just a coincidental happening."

Petitioner, in his appeal before this Court, contends that the Board erred in upholding the Referee because the testimony of Petitioner's treating physician could not reasonably have been outweighed by the evidence presented by the Employer.

Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether any finding of fact was not supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

Substantial evidence exists when there is relevant evidence in the record, considered in its entirety, which a reasonable person might accept as supporting the conclusion. *Gallo v. Workmen's Compensation Appeal Board (United Parcel Service)*, 95 Pa. Commonwealth Ct. 158, 504 A.2d 985 (1986). Here, the testimony of Dr. DiStefano clearly supports the finding that Petitioner's injuries were not work-related. Although

Petitioner's treating physician opined that Petitioner's injuries were work-related, the credibility of witnesses is for the Referee to evaluate and he may accept the testimony of one medical witness over another. *Smith v. Workmen's Compensation Appeal Board (Westinghouse Electric Corp.)*, 90. Pa. Commonwealth Ct. 246, 494 A.2d 877 (1985).

In light of the testimony by Dr. DiStefano, the Referee's findings were supported by substantial evidence. Accordingly, we affirm the order of the Board which upholds the Referee's denial of benefits.

ORDER

AND NOW, April 21, 1987, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.