528 A.2d 1054

Joseph Dugan, Petitioner *v*. Workmen's Compensation Appeal Board (Boron Oil Company), Respondents.

Submitted on briefs May 19, 1987, to Judges MAC-PHAIL, DOYLE, and Senior Judge NARICK, sitting as a panel of three.

*John P. Liekar, Jr.,* for petitioner.

*Raymond F. Keisling, Will, Keisling, Ganassi & McCloskey,* for respondent.

OPINION BY SENIOR JUDGE NARICK, July 23, 1987:

Joseph Dugan (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision denying benefits to

Claimant pursuant to The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1601.1. We affirm in part and reverse in part.

This matter involves proceedings held on a petition of Boron Oil Company (Boron) to suspend compensation payable to Claimant alleging that on or about January 30, 1984 Claimant refused an offer of employment which he was capable of performing, and a petition for compensation filed by Claimant for the specific loss of use of his left arm for all practical intents and purposes.

The relevant facts are as follows. On January 11, 1982, Claimant suffered a fractured left elbow in the course of his employment. A notice of compensation payable was issued to Claimant for his work-related injury. On May 13, 1982, Claimant returned to work at the same rate of pay he was receiving at the time of his injury. However, Claimant again became disabled in January, 1983 as a result of the January 11, 1982 injury and received disability compensation for this second period of disability.

The referee concluded that Claimant's disability payments should be suspended because he refused an offer of employment which he was capable of performing, and that Claimant failed to establish a loss of use of the arm for all practical intents and purposes.

Two issues have been raised for our consideration: (1) whether the referee erred in concluding that sufficient evidence existed to support Boron's request for suspension of workmen's compensation benefits, and (2) whether the referee erred in concluding that Claimant had not lost the use of his left arm for all practical intents and purposes.

Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact

are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

An employer in termination proceedings has the burden of proving that the disability has ceased or that work is available to the employee which the employee is capable of performing. *Mickles v. Workmen's Compensation Appeal Board (Oscar Mayer & Co.),* 59 Pa. Commonwealth Ct. 109, 428 A.2d 1035 (1981). Thus, an employer is required to not only offer expert testimony which establishes that an employee is capable of performing certain work, but also to prove that there is available work within the employee's physical limitations. *Livingston v. Workmen's Compensation Appeal Board (Upper Yoder Township),* 67 Pa. Commonwealth Ct. 497, 447 A.2d 715 (1982). *Also see King Fifth Wheel v. Workmen's Compensation Appeal Board (Rhodes),* 79 Pa. Commonwealth Ct. 300, 468 A.2d 1211 (1983).

The evidence of record offered by Boron to establish availability of work to Claimant which Claimant was capable of performing consisted of the following. On or about *January 30, 1984* Claimant received by mail a letter from B.P. Oil Inc. which advised Claimant that a job as a self-service station cashier was available to Claimant. The letter also indicated that although the position at that time could only offer twenty hours of work per week, it was possible the position could lead to full time employment within six months.[1] Claimant testified he did not apply for the job because he believed he was incapable of performing the job of self-service cashier. Boron, in further support of its position, offered the testimony of Dr. Samuel Sherman, a specialist in rehabilitation medicine. It was Dr. Sherman's opinion that Claimant was capable of performing the job of self-ser-

---

[1] The record indicates that Claimant was employed full-time.

vice cashier. Dr. Sherman based this opinion on his examination of Claimant on *September 24, 1984.*[2]

The factual situation before us, pertaining to the availability of work to Claimant, is similar to the factual scenario that existed in *Livingston,* which also involved the issue of work availability to an employee. In *Livingston,* the employee received a mailgram in *July, 1979* which stated that a job was available at that time to the employee as a school bus driver. The employee refused the job because he believed he was physically unable to handle it. The employer introduced the deposition testimony of a medical expert who indicated that the employee was capable of performing a job as a school bus driver. This Court, in concluding that the employer failed to establish that work was available to the employee, noted that the doctor's deposition, which was conducted in *January, 1980* was based on present facts. There was no testimony to indicate the employee could perform the job of school bus driver in July, 1979 nor was there evidence that the school bus driver job was available at any time other than in July, 1979. Thus, an employer must establish *present* availability of work, which an employee is capable of performing. *Id. Also see Mickles* and *King Fifth Wheel.* Accordingly, because the record contains no evidence that (1) the job of self-service cashier was available to Claimant at any time other than January, 1984, and that (2) Claimant was capable of performing the aforesaid job in January, 1984, we must reverse the decision of the referee granting Boron's petition to suspend compensation benefits.

With respect to the second issue presented in this appeal, Claimant suggests that the loss of use of an elbow constitutes a loss of use of the arm under the Act.

---

[2] The deposition of Dr. Sherman was taken on February 7, 1985.

Initially we note that not only did the legislature specifically exclude loss of use of an elbow from the Act, but also, based upon the cases cited by Claimant in his brief and our independent research, we find no support for Claimant's position. The question of whether or not an injured employee has suffered the loss of use of an extremity is a question of fact for the referee to resolve. *McGraw Edison/Power System Div. v. Workmen's Compensation Appeal Board (McGowan)*, 64 Pa. Commonwealth Ct. 111, 439 A.2d 868 (1982). The party seeking to establish a specific loss must show that the injured party has suffered the permanent loss of use of the injured member for all practical intents and purposes. *Dally v. Workmen's Compensation Appeal Board (Pullman Standard)*, 82 Pa. Commonwealth Ct. 291, 474 A.2d 1215 (1984); *Klaric v. Workmen's Compensation Appeal Board (National Castings, Div. Midland Ross Corp.)*, 71 Pa. Commonwealth Ct. 91, 455 A.2d 217 (1983); and *McGraw Edison*. In specific loss cases, it is not necessary that the injured member be of absolutely no use in order for the claimant to be eligible for compensation benefits. *Klaric, McGraw Edison, Reading Tube Corp. v. Workmen's Compensation Appeal Board (Scull)*, 12 Pa. Commonwealth Ct. 45, 315 A.2d 678 (1974), and *Curran v. Knipe & Sons, Inc.*, 185 Pa. Superior Ct. 540, 138 A.2d 251 (1958).

In the case at hand, the referee was presented with conflicting medical testimony. The referee chose to accept the testimony of Boron's medical expert, Dr. Sherman, who opined that Claimant had not suffered a loss of use of his arm for all practical intents and purposes. Dr. Sherman also testified that Claimant suffered a partial disability of his left elbow which restricted his ability to use his left arm, but that Claimant had free movement of his shoulder, wrist and fingers. Lastly, Dr. Sherman opined that Claimant could perform certain

jobs, as long as said jobs did not involve strenuous labor, repetitive overhead work or heavy lifting.

It is long settled that findings of fact and questions of credibility are for the referee, and that a referee's decision will not be disturbed by this Court if supported by substantial evidence. *Pasquarello v. Workmen's Compensation Appeal Board (Bechtel Power Corp.)*, 97 Pa. Commonwealth Ct. 307, 509 A.2d 933 (1986). After a review of the entire record, we are satisfied that the referee's conclusion that Claimant's partial disability of his left elbow did not constitute a loss of use of his arm for all practical intents and purposes is supported by substantial evidence.

Therefore, we reverse that portion of the Board's order which grants Boron's petition for suspension of benefits, but affirm that portion of the Board's order denying Claimant's petition for loss of use of the arm.

ORDER

AND NOW, this 23rd day of July, 1987, we reverse that portion of the order of the Workmen's Compensation Appeal Board which granted Boron Oil Company's petition 'to suspend compensation benefits, but affirm that portion of the Board's order which affirms the referee's denial of Claimant's petition for loss of use of the arm.