544 A.2d 559

Wittco Fashions, Petitioner *v.* Workmen's Compensation Appeal Board (O'Neil), Respondents.

Argued April 22, 1988, before Judges DOYLE, PALLA-DINO and SMITH, sitting as a panel of three.

*Gregory D. Geiss,* for petitioner.

*Edward J. Geist,* for respondent.

OPINION BY JUDGE PALLADINO, July 22, 1988:

Wittco Fashions (Employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) which reversed a referee's decision dismissing Pamela J. O'Neil's (Claimant) petition for specific loss benefits. We vacate and remand.

Claimant was employed by Wittco Fashions (Employer) as a sewing machine operator. On March 5, 1984, Claimant was guiding material into a snap machine when her hand slipped and she accidentally punched a hole through her right index finger. As a result of this accident, Claimant lost a portion of her finger. Claimant began receiving workmen's compensation benefits for the loss of her finger pursuant to a notice of compensation payable filed March 22, 1984. On October 22, 1984, Claimant filed a claim petition seeking compensation for loss of use[1] of her right hand resulting from the March 5, 1984 accident.

At a hearing before a referee, Claimant testified as to the problems she experienced when using the hand and the referee observed Claimant's hand. In addition, the medical reports of four doctors were presented. Dr. Farrell opined that Claimant had lost fifty percent of the function of her hand. Claimant's Exhibit # 1. Dr. Raklewicz stated that total hand disability "may be in the neighborhood of fifty percent." Claimant's Exhibit # 2. Dr. Schneider stated that Claimant had lost approximately ten percent of the function of her hand. Defendant's Exhibit # 1. Dr. Chung also opined that the loss of function of the hand was ten percent. Claimant's Exhibit # 3.

Based on the evidence presented, the referee made the following pertinent finding of fact:

5. The foregoing medical opinions place the Claimant's loss of use of her hand at a minimum of 10% and a maximum of 50%. It is also obvious from the Claimant's testimony and view of her hand at the hearing that the hand has not been

---

[1] Specific loss of use is compensable under section 306(c) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §513.

totally lost and is of some use to her. Thus, based on the medical opinions the Claimant has not lost the use of her hand for all intents and purposes as the Pennsylvania Worker's [sic] Compensation Act requires.

The referee dismissed Claimant's petition for the specific loss of use of her hand. Claimant appealed to the Board, which reversed the referee, concluding that the referee had capriciously disregarded evidence showing Claimant had lost the use of her hand for all practical intents and purposes.

On appeal to this court,[2] Employer contends that the Board erred in reversing the referee's decision because there was substantial competent evidence to support the referee's finding that Claimant did *not* lose the use of her hand for all practical intents and purposes.

Substantial evidence is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Gallo v. Workmen's Compensation Appeal Board (United Parcel Service),* 95 Pa. Commonwealth Ct. 158, 504 A.2d 985 (1986). In this case, the Claimant admitted that she used her right hand to write, N.T. at 17, 23, drive, N.T. at 22, eat, and pick up small objects, N.T. at 23. In addition, the medical reports presented indicate that Claimant lost a minimum of 10% of the use of her hand and a maximum of 50% of the use of her hand due to the finger injury. Both Dr. Schneider and Dr. Chung placed the loss of use of the hand at only ten percent and indicated that Claimant's disability was limited to the right index

---

[2] Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed or findings of fact were unsupported by substantial evidence. *Hammer v. Workmen's Compensation Appeal Board (Gannondale),* 105 Pa. Commonwealth Ct. 356, 524 A.2d 550 (1987).

finger. Defendant's Exhibit # 1, Claimant's Exhibit # 3.

The referee in this case did not disregard any evidence but considered conflicting medical evidence. When faced with conflicting medical evidence, the referee in a workmen's compensation case is free to accept the testimony of any one medical witness over that of another. *Hammer v. Workmen's Compensation Appeal Board (Gannondale)*, 105 Pa. Commonwealth Ct. 356, 524 A.2d 550 (1987). The referee is also free to accept the testimony of any witness in whole or in part. *Pittsburgh Moose Lodge No. 46 v. Workmen's Compensation Appeal Board (Grieco, Jr.)*, 109 Pa. Commonwealth Ct. 53, 530 A.2d 982 (1987).

It is well established that the correct test for determining whether a claimant qualifies for specific loss benefits is whether the claimant has lost use of the injured body part for all *practical* intents and purposes. *Dugan v. Workmen's Compensation Appeal Board (Boron Oil Co.)*, 107 Pa. Commonwealth Ct. 604, 528 A.2d 1054 (1987); *Keller v. Workmen's Compensation Appeal Board (Blair Strip Steel Corp.)*, 89 Pa. Commonwealth Ct. 477, 493 A.2d 124 (1985). It is not necessary for the injured body part to be totally useless for Claimant to qualify for specific loss benefits. *Id.*

The referee in this case did not make a finding as to whether Claimant lost the use of her hand for all *practical* intents and purposes. Rather, the referee found that Claimant's hand was not "totally useless" and that Claimant had not lost the use of her hand for "all intents and purposes." Finding of fact no. 5. Because we conclude that the referee's use of the phrase "all intents and purposes" instead of the phrase "all *practical* intents and purposes" indicates that the referee used the wrong test for determining whether Claimant qualifies for specific loss benefits, we must remand.

By considering whether Claimant lost the use of her hand for "all intents and purposes" instead of all "practical intents and purposes," the referee in this case required proof the Claimant's hand was totally useless in order for Claimant to qualify for specific loss benefits.[3] Instead of finding whether Claimant's hand was totally useless or lost for "all intents and purposes," the referee should have found whether Claimant's hand was lost for "all *practical* intents and purposes."

Where the factfinder in a workmen's compensation case fails to make a finding on a critical issue, the reviewing court must remand. *Negron v. Workmen's Compensation Appeal Board (United Store Fixture Mfg. Co.)*, 80 Pa. Commonwealth Ct. 258, 471 A.2d 587 (1984). Accordingly, we vacate and remand this case to the referee for the referee to find whether Claimant has lost the use of her hand for all *practical* intents and purposes.

## ORDER

AND NOW, July 22, 1988, the decision of the Workmen's Compensation Appeal Board, dated May 29, 1987, is vacated and remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.

---

[3] We note that in finding of fact # 5 the referee refers to medical evidence concerning the percentage of loss of use. The percentage of loss of use has no value in determining whether there has been a loss of use for all practical intents and purposes.