550 A.2d 583

Herbert E. Nesman, Petitioner *v.* Workmen's Compensation Appeal Board (Welded Construction Company), Respondents.

Submitted on briefs May 11, 1988, to Judges DOYLE and MCGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Charles R. Rosamilia, Jr.,* for petitioner.

*Matthew D. Dempsey, Lenahan & Dempsey, P.C.,* for respondent.

OPINION BY JUDGE MCGINLEY, November 14, 1988:

Herbert E. Nesman (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision granting Claimant compensation for an injury sustained in November of 1984, and terminating benefits on the date of recovery April 2, 1985. We affirm.

Claimant was employed by Welded Construction Company (Employer) as a laborer. His duties involved

climbing a stepladder and attaching a hook to a pipe which was lifted by a crane and loaded onto a truck. On November 9, 1984, Claimant suffered a work-related injury. Claimant was standing on the third step of a stepladder attempting to hook his end of a pipe when he caught his pant leg on a pin and lost his balance. Claimant fell backwards holding onto the stepladder and swing rope which broke his fall. Claimant landed on his back, got up and finished his shift. The following day Claimant did not work because of weather conditions. When Claimant returned to work he reported that he was experiencing pain in his back. Claimant, who was previously diagnosed as suffering from spondylolisthesis, was admitted to the Lock Haven Hospital on November 10, 1984, treated and discharged on November 13, 1984. Claimant no longer continued his regular employment and filed a claim petition to recover benefits for his back injury.

At the hearing, the medical depositions of four doctors were presented. Claimant offered into evidence the medical depositions of Dr. J. Joseph Danyo and Dr. Carroll P. Osgood. Dr. Danyo, an orthopedic surgeon, opined that at the time of his independent examination the Claimant could not return to his job but could perform sedentary and possibly light work activities.[1] Dr. Osgood, a neurosurgeon, opined that Claimant could probably do light work.[2] Employer offered into evidence the medical depositions of Dr. Rodwan K. Rajjoub and Dr. Gerard DelGrippo. Dr. Rajjoub, a specialist in neurosurgery, opined that Claimant was not totally disabled and "I don't know what his old employment is, but I do feel that he'll be able to perform

---

[1] Deposition of Dr. John Joseph Danyo, August 26, 1985 (Deposition I) at 7.

[2] Deposition of Dr. Carroll P. Osgood, October 29, 1985, (Deposition II) at 7.

his old employment and at least a medium type job."[3] Dr. DelGrippo, a general practitioner, opined that the aggravation of the Novemer 1984 fall had ceased and Claimant had greatly improved and that he would not place any limitations on Claimant's ability to return to work.[4]

Based on the evidence presented, the referee made the following pertinent findings of facts:

11. That after considering all of the testimony and reviewing and comparing the findings and conclusions expressed by the various physicians, your Referee finds as a fact that the history, findings and conclusions of Dr. Rodwan K. Rajjoub and Dr. Gerard DelGrippo are more credible than those of Dr. J. Joseph Danyo and Dr. Carroll P. Osgood, and your Referee adopts Dr. Rajjoub's and Dr. DelGrippo's findings for the purpose of this decision.

33. That the myelogram of December 17, 1984 showed no evidence of disc herniation; no evidence of nerve root sleeve amputation; and no pressure of the nerve itself.

34. That Dr. Rajjoub re-examined the claimant on April 2, 1985 and found that the claimant's back symptoms had improved, and that there was not evidence of muscle atrophy.

35. That your Referee finds as a fact that the claimant's work related incident and injury which occurred on November 9, 1984, caused a soft tissue injury to claimant's back which resulted in an aggravation of his pre-existing spondylolisthesis.

---

[3] Deposition of Dr. Rodwan K. Rajjoub, October 9, 1985, Deposition III, at 14.

[4] Deposition of Dr. Gerard DelGrippo, December 4, 1985, (Deposition IV) at 25, 31.

38. That your Referee finds as a fact that claimant's work related injury and/or aggravation resulting from the November 9, 1984 incident, had been completely resolved by a normal healing period as of April 2, 1985, and that the claimant was able to return to and engage in his previous employment with the defendant.

On March 30, 1987, the referee awarded Claimant compensation benefits for the period of November 10, 1984 until April 2, 1985 which was affirmed by the Board.

On appeal, Claimant argues that the referee's finding that the medical evidence presented by the employer is more credible than that presented by the Claimant is not supported by substantial evidence.

Our scope of review is limited to determining whether constitutional rights were violated, and error of law was committed or findings of fact were unsupported by substantial evidence. *Hammer v. Workmen's Compensation Appeal Board (Gannondale)*, 105 Pa. Commonwealth Ct. 356, 524 A.2d 550 (1987).

Claimant points to the admission of Dr. Rajjoub that the doctor did not know what Claimant's prior employment was or his job requirements. Therefore, Claimant maintains there was not substantial evidence based on Dr. Rajjoub's testimony to support a finding that Claimant could return to his employment. We disagree.

Substantial evidence is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Gallo v. Workmen's Compensation Appeal Board (United Parcel Service)*, 95 Pa. Commonwealth Ct. 158, 504 A.2d 985 (1986). Although Dr. Rajjoub did not know Claimant's previous employment, he had Claimant's complete prior medical history. Dr. Rajjoub stated that a later myelogram performed on the Claimant did not show any changes from an earlier myelogram. The myelogram continued to show a grade one

spondylolisthesis of L-5, unchanged from previous studies and that there was no pressure on the nerve itself.[5] Dr. Rajjoub stated that there was improvement in Claimant's condition after the second evaluation as compared to the initial evaluation.[6] Dr. Rajjoub opined that Claimant was not totally disabled and could perform at least a medium type job.[7] Dr. DelGrippo stated that Claimant had recovered from an aggravation of pre-existing condition due to his work injury.[8]

The medical testimony of Dr. Osgood revealed that Dr. Osgood did not know Claimant's specific job de-

---

[5] Deposition III at 11.

[6] Deposition III at 14.

[7] Deposition III at 17.

[8] Employer's counsel to Dr. DelGrippo:

Q. 'Doctor, you indicated that he had an aggravation in 1984.

A. Right.

Q. In response to my question earlier on direct, you testified that the aggravation ceased as of your examination on March 11, 1985.

A. Right.

Q. Is that correct?

A. That is correct.

Q. Then, if I am following you logically, the reason you would now impose a limitation on Mr. Nesman and, in effect, now allow him to return to the work that was described to you at length by Attorney Rosamilia would be because of that pre-existing condition?

A. That is correct, yes.

Q. And not because of the aggravation that occurred; is that correct?

A. That's right.

Q. And, Doctor, are all of the opinions that we've asked you to give us today given with reasonable medical certainty?

A. ·Yes, they're the accepted—they're the usual acceptable standards that we use on these cases.'

Deposition IV at 41-42.

scription or duties.[9] Dr. Osgood also stated that he did not have Claimant's complete medical history regarding any back problem prior to 1984.[10] Without a complete medical history Dr. Osgood stated that other incidents may have aggravated his condition.[11]

When faced with conflicting medical evidence, the referee in a workmen's compensation case is free to accept the testimony of any one medical witness over that of another. *Hammer.* The referee is also free to accept the testimony of any witness in whole or in part. *Pittsburgh Moose Lodge No. 46 v. Workmen's Compensation Appeal Board (Grieco, Jr.),* 109 Pa. Commonwealth Ct. 53, 530 A.2d 982 (1987). In this case, the referee determined Employer's medical testimony to be more credible than the Claimant's medical testimony.

Finally, Claimant and a co-employee, Richard Wolf, testified that Claimant's job duties consisted of climbing a stepladder and attaching a hook to a pipe which was lifted by a crane.[12] There was no evidence of record that Claimant had to lift, bend or stoop at his job. We conclude that there is substantial evidence to support the finding that Claimant had recovered from the aggravation of his pre-existing condition.

Accordingly, we affirm the decision of the Board.

### ORDER

Now, November 14, 1988, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

Judge MacPhail did not participate in the decision in this case.

---

[9] Deposition II at 14.

[10] Deposition II at 15.

[11] Deposition II at 19.

[12] Notes of Testimony, February 20, 1985 (N.T.) at 5, 9, 13, 15, 23-26, 48.