ORIOLE CHEMICAL CARRIERS, INC., Petitioner,

v.

WORKERS' COMPENSATION APPEAL BOARD (AMBLER), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 28, 1998.

Decided Nov. 20, 1998.

---

Eileen V. Dooley, Philadelphia, for petitioner.

Angelo J. Foglietta, Philadelphia, for respondent.

Before FRIEDMAN, Judge, KELLEY, Judge and JIULIANTE, Senior Judge.

FRIEDMAN, Judge.

Oriole Chemical Carriers, Inc. (Employer) appeals from an order of the Workers' Compensation Appeal Board (WCAB) affirming the decision of the workers' compensation judge (WCJ) to award Dennis Ambler (Claimant) specific loss benefits for the loss of use of his left arm.

On June 6, 1990, while employed as an over-the-road truck driver with Employer, Claimant fell and sustained a work-related injury to his left wrist and elbow, his ribs, and his head and back. As a result, Claimant received workers' compensation benefits pursuant to a Notice of Compensation Payable. (WCJ's Findings of Fact, Nos. 1, 4.) On May 18, 1992, Claimant returned to his pre-injury job with Employer at a wage greater than his pre-injury wage; Claimant signed a Supplemental Agreement suspending his workers' compensation benefits. (WCJ's Findings of Fact, Nos. 2, 5; R.R. at 4a.) Subsequently, Claimant filed a Petition to Review Compensation Benefits, seeking specific loss benefits for "the loss of use of his arm, forearm and/or hand," and Employer filed a timely answer denying these allega-

tions. (WCJ's Findings of Fact, No. 3; R.R. at 6a.)

At the hearing, Claimant testified on his own behalf. He stated that he does not have maneuverability in his hand and that he cannot bend his wrist at all. (WCJ's Findings of Fact, No. 5; R.R. at 17a.) Claimant further testified that he has a hard time doing everyday chores. (WCJ's Findings of Fact, No. 5; R.R. at 17a.) Although Claimant has returned to work, he testified that he has difficulty climbing ladders and steering his truck, that he cannot use his left hand to tighten "dogs" on the dome of the truck and that he can only carry twenty-five pounds with his left hand compared to one hundred pounds prior to his injury. (WCJ's Findings of Fact, No. 5; R.R. at 19a–21a.)

Claimant also offered the deposition testimony of A. Lee Osterman, M.D., Board-certified in orthopedics with added qualifications in hand surgery. Dr. Osterman testified that, as a result of Claimant's fall at work, Claimant sustained a fracture of the radial head at the elbow level which healed with some incongruency and a severe irreparable ligamentous injury of the wrist with cartilage damage which required a full wrist fusion. (WCJ's Findings of Fact, No. 8; R.R. at 53a–54a.) Dr. Osterman further testified that, as of Claimant's May 1992 examination, Claimant had reached maximum medical improvement. (WCJ's Findings of Fact, No. 7; R.R. at 51a.) Dr. Osterman stated that Claimant sustained a "permanent loss of part of his left arm." (R.R. at 56a.) Utilizing the American Medical Association (AMA) Guidelines for permanent impairment, Dr. Osterman indicated that Claimant has a seventy percent impairment of wrist function which translates to a forty-two percent impairment of the arm as a whole. (WCJ's Findings of Fact, No. 8; R.R. at 54a–55a.) Including the elbow, the total loss of use was forty-five percent.[1] (WCJ's Findings of Fact, No. 8.)

Employer offered the testimony of Stephen L. Cash, M.D., Board-certified in orthopedics with an added qualification in hand

---

1. We note that, although the WCJ's finding of fact number 8 does not specify the body part to which this 45% loss refers, Dr. Osterman testi-

fied that Claimant had a 45% permanent and partial impairment of the left arm and hand. (R.R. at 63a–64a.)

surgery, who examined Claimant on June 5, 1995. (WCJ's Findings of Fact, No. 10.) Dr. Cash testified that he agreed with Dr. Osterman that Claimant's wrist fusion produced a forty-two percent impairment rating of the left upper extremity; however, Dr. Cash disagreed that there was any impairment attributable to the elbow. (WCJ's Findings of Fact, No. 11; R.R. at 173a–74a.) Dr. Cash further testified that, although Claimant lost the motion in his wrist, Claimant did not lose the use of his left upper extremity for all intents and purposes. (WCJ's Findings of Fact, No. 11; R.R. at 175a.)

Employer also offered the testimony of its General Manager, Gary Kirk (Kirk). Kirk testified that Claimant indicated that he had to use his right hand more, but that Claimant did not request any change in his job duties. (WCJ's Findings of Fact, No. 13; R.R. at 137a.)

The WCJ accepted the testimony of Claimant and Dr. Osterman as credible and rejected the testimony of Dr. Cash and Kirk. The WCJ found that "Claimant has lost the use of the forearm and hand as a result of the injury on June 6, 1990," (WCJ's Findings of Fact, No. 15), and concluded, "Claimant has met his burden of proving that he is entitled to specific loss benefits for the loss of use of his arm." (WCJ's Conclusions of Law, No. 2.) Employer appealed to the WCAB, which affirmed.

On appeal to this court,[2] Employer argues that the WCJ's finding that Claimant sustained a loss of his *arm* for all practical intents and purposes is not supported by substantial evidence. Specifically, Employer contends that the WCJ's finding of fact number 15, which states that Claimant lost the use of his "forearm and hand," is inconsistent with conclusion of law number 2, stating that Claimant has proven that he lost the use of his "arm."[3] Although we are not convinced that the two are necessarily inconsistent, we do feel that a clarification is required. Thus, because we are unable to conduct appellate review without engaging in speculation, we must remand this case.

The WJC's findings of fact, particularly findings of fact numbers 8 and 15, viewed in conjunction with the record evidence is the source of our confusion. Based on Dr. Osterman's testimony, the WCJ found,

> Claimant has a seventy percent (70%) impairment of wrist function which translates to a forty-two percent (42%) impairment of the arm as a whole. The total loss of use, including the elbow[,] was forty-five percent (45%). Dr. Osterman testified that Claimant has sustained a permanent loss of part of the left arm. The radial head at the elbow is impaired which does not permit Claimant to turn his palm up and down. He had no use for all intents and purposes.

(WCJ's Findings of Fact, No. 8.) From this finding, we cannot determine what body part Claimant had no use of, particularly where Dr. Osterman testified that Claimant has a "45 percent permanent and partial impairment of the *left arm and hand*,"[4] (R.R. at 63a–64a) (emphasis added), and that Claimant sustained a "permanent loss of part of his left arm." (WCJ's Findings of Fact, No. 8; R.R. at 56a.) When asked to describe what

---

2. Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed or whether necessary findings of fact are supported by substantial evidence. *Dugan v. Workmen's Compensation Appeal Board (Boron Oil Co.)*, 107 Pa.Cmwlth. 604, 528 A.2d 1054 (Pa.Cmwlth. 1987).

3. The WCJ's decision must contain findings of fact and conclusions of law which state and explain the rationale for the decision. 77 P.S. § 834. In addition, the conclusions of law must be consistent with the findings of fact on which those conclusions are based.

4. Employer stresses that the standard for determining whether one has sustained a specific loss of use to a bodily part is for *all* practical intents and purposes. Thus, Employer contends that, because the WCJ found that Claimant had a *45%* loss of use, Claimant cannot establish a loss of use for *all* practical intents and purposes. We disagree. The percentage of loss of use has no value in determining whether there has been a loss of use for all practical intents and purposes. *Wittco Fashions v. Workmen's Compensation Appeal Board (O'Neil)*, 118 Pa.Cmwlth. 126, 544 A.2d 559 (Pa.Cmwlth.1988). Moreover, the injured body part need not be totally useless in order for the claimant to sustain a specific loss. *Id.*

*part* of the arm was lost, Dr. Osterman "explained,"

> the wrist which is fused is forever fused. That's permanent. It will never move again. He also – we're talking really relative to the forearm – has lost the function particularly because the wrist now no longer moves. The radial head, which we discussed earlier, at the elbow is really the rotatory bone of the forearm. That's how we spin around and are able to turn our palm up and palm down, and that activity is impaired.

(R.R. at 56a.)

The Workers' Compensation Act[5] (Act) provides separately for compensation for a specific loss to the forearm, hand and arm.[6] 77 P.S. §513(1–3). Here, the WCJ found that Claimant sustained a specific loss to his forearm and hand. (WCJ's Findings of Fact, No. 15.) Although, in conclusion of law number 2, the WCJ may have intended to convey his determination that a specific loss to the forearm and hand equates to a specific loss to the arm as a whole, a permissible result if supported by substantial, competent record evidence,[7] we simply cannot be certain, based on the findings of fact here, that this was the WCJ's rationale.

Accordingly, because the WCJ has not made necessary findings of fact, we are precluded from exercising our appellate role, and we remand this case for further findings of fact and, if necessary, conclusions of law.[8]

---

5. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4.

6. Section 306(c) of the Act provides:
   For all disability resulting from permanent injuries of the following classes, the compensation shall be exclusively as follows:
   (1) For the loss of a hand, sixty-six and two-thirds per centum of wages during three hundred thirty-five weeks.
   (2) For the loss of a forearm, sixty-six and two-thirds per centum of wages during three hundred seventy weeks.
   (3) For the loss of an arm, sixty-six and two-thirds per centum of wages during four hundred ten weeks.
   77 P.S. § 513(1–3). In addition, the Act provides for twenty weeks of compensation as a

---

*ORDER*

AND NOW, this 20th day of November, 1998, the order of the Workers' Compensation Appeal Board (WCAB), dated April 7, 1998, at A96–3929, is hereby vacated, and we remand the case to the WCAB to remand to the workers' compensation judge for additional findings of fact and, if necessary, conclusions of law consistent with this opinion.

Jurisdiction Relinquished.

Judge KELLEY concurs in the result only.

---

healing period for the loss of either the hand, forearm or arm. 77 P.S. § 513(25).

7. We note that in *Dugan*, this court upheld the WCJ's finding that the claimant's partial disability of his left elbow did not constitute a loss of use of the arm where the medical expert opined that the claimant had not suffered a loss of use of his arm for all practical intents and purposes and testified that the claimant's partial disability restricted the use of his left arm, but that claimant had free movement of his shoulder, wrist and fingers.

8. Because of our disposition of this issue, we will not address the other issues raised by Employer.