511 A.2d 905

Mardee Sportswear, Petitioner *v.* Workmen's Compensation Appeal Board (Franglo, Inc.), Respondents.

Submitted on briefs May 16, 1986, to Judges BARRY and PALLADINO, and Senior Judge ROGERS, sitting as a panel of three.

*Brian C. Corcoran,* for petitioner.

*James E. Pocius, Lenahan & Dempsey, P.C.,* for respondents.

OPINION BY SENIOR JUDGE ROGERS, June 23, 1986:

Mardee Sportswear (petitioner or Mardee) has filed a petition for review of an order of the Workmen's Compensation Appeal Board (board) affirming a referee's order granting the petition for reinstatement of benefits filed by its former employee, Elizabeth Hrabovecky (claimant), who last worked for the petitioner on December 11, 1977.

This is a dispute between two of the claimant's employers, the petitioner, Mardee Sportswear, her employer when she sustained an injury to her right knee on June 24, 1976, and the respondent, Franglo, Inc. (Franglo), who employed her from June 1979 until September 1981.

In *Lackawanna Refuse v. Workmen's Compensation Appeal Board (Christiano),* 74 Pa. Commonwealth Ct. 286, 288, 459 A.2d 899, 900 (1983), we stated that "[i]t is clear that whether a disability results from a new injury . . . or is a recurrence of a prior work-related condition . . . is a question of fact to be determined by the referee."

The claimant fell and injured her right knee on June 24, 1976, while in the course of her employment as a clothes presser for Mardee. After hearings, a referee issued a decision on October 19, 1978, in which he found that the claimant had sustained a compensable injury as

a result of the fall and that she was totally disabled from December 11, 1977 through June 16, 1978. The referee awarded her benefits payable by Mardee during this period.

On October 23, 1981, the claimant filed a petition for reinstatement of benefits, naming Mardee as the defendant employer and alleging that her "disability, as a result of the injury of June 24, 1976, recurred on September 25, 1981, at which date she once again became totally disabled."

Mardee filed a petition to join Franglo as an additional defendant, alleging that the claimant "aggravated her preexisting knee condition in the course of her employment for the additional defendant from June 26, 1979 to September 25, 1981" and "that the additional defendant is responsible for any disability which the claimant alleges she suffered from September 25, 1981." The claimant had worked for Franglo as a clothes presser, the same position she held while employed by Mardee. This required her to stand eight hours a day.

At a referee's hearing, the claimant presented the testimony of her treating physician, Dr. Robert W. Baran, who testified as follows:

Q. Do you have an opinion, based on reasonable medical certainty, as to the cause of the right knee problem which you described?

A. I feel that the injury was, definitely, caused by the fall.

Q. And that fall occurred on what date, Doctor?

A. June of 1976.

Q. That's the fall at work that she related to you?

A. At work, that's correct.

Q. Now, do you have an opinion, based upon reasonable medical certainty, as to the relation-

ship, specifically, with respect to the osteoarthri-
tis and the fall at work in June of 1976?

A. I think it's related; I think it's as a result of
the trauma.

. . . .

Q. [I]s it your opinion that the complaints
which she has today and which she has had since
1976 are related to the fall which she suffered
while employed with Mardee Sportswear?

A. Right.

However, Dr. Baran also testified:

Q. Doctor, can you state with a reasonable
degree of professional certainty, or medical cer-
tainty, that the employment from 1979 to 1981
aggravated the original work-related injury?

A. Yes, I feel that it did.

Dr. Baran nevertheless opined that even if the
claimant had not worked for Franglo, she would be dis-
abled as a result of the original injury to her right knee.

The referee pertinently found "the testimony of Dr.
Baran [the claimant's treating physician] credible and
accepts same that the claimant has been disabled since
September 25, 1981 from osteoarthritis and damage to
the cartilage of her right knee, and that said condition is
causally related to the work-related injury which she
suffered on June 24, 1976." The referee further found
that

[i]n arriving at this conclusion, your referee
found that the claimant continued to receive
treatment for her knee injury from 1978 to the
current time, as well as the positive physical
findings by Dr. Baran during that period,
supported the finding that the claimant's current
problems relate back to her original injury at
work.

. . . .

[T]he claimant's employment with . . . Franglo . . . did not materially contribute to her current disability from her original work-related injury to her right knee. Said disability results from the natural progression of the osteoarthritic condition and damage to the cartilage of her right knee which occurred when she suffered the original work-related injury on June 24, 1976. The claimant, therefore, suffered a recurrence of said injury on September 29, 1981.

The referee ordered that the petitioner reinstate benefits payable by Mardee effective September 29, 1981. The board affirmed.

Mardee asserts that the claimant's disability is the result of the aggravation of the knee during her employment by Franglo so that the referee's findings are not supported by competent evidence, specifically that the referee's finding that the claimant's disability is the result of the injury at Mardee is equivocal because Dr. Baran testified not only that the disability was the result of the injury at Mardee but also that her work at Franglo from 1979 until 1981 aggravated her preexisting condition. We disagree with the petitioner's contention.

Our scope of review is that of whether substantial evidence supports the referee's findings of fact and whether an error of law was made. Questions of credibility and evidentiary weight remain within the exclusive province of the fact finder who may, in the exercise of a broad discretion, accept or reject the testimony of any witness, including a medical witness, in whole or in part. *Bowes v. Inter-Community Action, Inc.* 49 Pa. Commonwealth Ct. 612, 411 A.2d 1279 (1980).

We observed above that Dr. Baran testified that the claimant's current disability of the knee was caused by the claimant's fall in June of 1976 while working for Mardee and that even if the claimant had not worked

for Franglo she would be disabled as a result of the original injury to her knee. The referee found that the claimant's employment with Franglo did not materially contribute to her disability. In the exercise of his discretion concerning the choice of evidence, the referee simply attached little importance to Dr. Baran's testimony that the work at Franglo aggravated the claimant's injury and emphasized the same doctor's testimony that the claimant's disability is the result of her injury at Mardee. This choice does not exhibit a capricious disregard of the evidence.

Order affirmed.

## ORDER

AND NOW, this 23rd day of June, 1986, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.