580 A.2d 1189

**George CASHMARK, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (GREAT A & P TEA COMPANY), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted Aug. 17, 1990.

Decided Oct. 12, 1990.

5.  This section sets the resource limits for a potential indigent recipient of medical assistance at $2,400.00.

Charles Memolo, Clarks Summit, for petitioner.

William E. Wyatt, Jr., Fine & Wyatt, P.C., Scranton, for respondent, Great A & P Tea Co.

Before McGINLEY and KELLEY, JJ., and NARICK, Senior Judge.

McGINLEY, Judge.

George Cashmark (Claimant) has filed a petition for review from an order of the Workmen's Compensation Appeal Board (Board), dated December 7, 1989, affirming the decision of the referee, dated September 16, 1988, granting the modification petition of the Great A & P Tea Company (Employer). We affirm in part and reverse in part.

On August 4, 1978, Claimant suffered a lower back injury while in the course of his employment. As a result, Employer filed a notice of compensation payable providing for the payment of benefits to Claimant. Subsequently, on December 1, 1986, Employer filed a petition for modification requesting a supersedeas and alleging that, as of May 1, 1986, light duty work was available to Claimant which he was capable of performing. Claimant filed an answer denying these allegations.

Claimant submitted the deposition of Leroy Pelicci, M.D., a neurologist, who opined with a reasonable degree of medical certainty that Claimant is totally disabled. Deposition of Leroy Pelicci, M.D., dated May 14, 1987, at 37. Claimant also submitted the deposition of Robert Mancuso, the chiropractor who had been treating Claimant since his injury in 1978. Like Dr. Pelicci, Dr. Mancuso opined that Claimant is unable to work. Deposition of Robert Mancuso, dated March 3, 1988, at 22.

Employer submitted the deposition testimony of Joseph R. Sgarlat, M.D., an orthopedic surgeon, who saw Claimant on May 1, 1986. Dr. Sgarlat reviewed the medical reports of the various physicians who had treated Claimant since his injury and, in addition, Dr. Sgarlat conducted his own independent tests. Dr. Sgarlat testified with a reasonable degree of medical certainty that, although Claimant still suffers from some back problems, he is not totally disabled but is capable of performing light duty work. Deposition of Joseph R. Sgarlat, M.D., dated May 4, 1987, at 14–15.

At the hearing before the referee on February 18, 1988, Employer offered the testimony of Ronald T. Colbert, a

vocational consultant for Crawford Health and Rehabilitation Services (Crawford). Employer retained Crawford to assist with Claimant's rehabilitation effort and, on June 3, 1987, Crawford assigned Claimant's case to Mr. Colbert. Mr. Colbert's testimony, in conjunction with the exhibits supplied by him, shows that, between June 30, 1987 and February 2, 1988, Mr. Colbert advised Claimant of the availability of four light duty jobs for which Claimant failed to apply. Despite Dr. Sgarlat's approval, Claimant contends that he is incapable of performing the duties associated with these jobs.

The referee determined that Dr. Sgarlat's medical testimony was more credible than that of Claimant's witnesses. Decision of Referee Brian G. Eader, dated September 16, 1988 (Referee's Decision), Finding of Fact No. 10, at 3. Likewise, the referee chose to believe Mr. Colbert's testimony regarding the availability of other employment suitable to Claimant's physical limitations. Referee's Decision, Finding of Fact No. 10, at 3. The referee therefore concluded that Claimant's compensation benefits should be modified to reflect a partial disability. Referee's Decision, Conclusion of Law No. 3, at 4. The referee further authorized Employer to take credit for overpayment until compensation is adjusted in accordance with his decision. Referee's Decision at 5. No ruling was made on Employer's request for a supersedeas.

Claimant appealed the referee's decision to the Board alleging that there is insufficient evidence to establish the availability of suitable work and that, absent a supersedeas, Employer is not entitled to any credit for overpayment. The Board affirmed the referee stating that the testimony of both Dr. Sgarlat and Mr. Colbert provided substantial evidence to support the referee's determination that Employer had met its burden of proof. Claimant then filed the present petition for review with this Court.

Our scope of review is limited to determining whether any finding of fact is not supported by substantial evidence, whether an error of law was committed or wheth-

er constitutional rights were violated. *Lawrence v. Workmen's Compensation Appeal Board (Commercial Lovelace Motor Freight, Inc./Banner Industries and Workers)*, 125 Pa.Commonwealth Ct. 701, 559 A.2d 67 (1989). We conclude that there is substantial evidence to support the finding that there was suitable work available to Claimant which he refused to accept but that the referee committed an error of law by authorizing Employer to take credit for overpayment without first granting a supersedeas.

▮▮▮ The referee's finding of partial disability is substantiated by the deposition testimony of Dr. Sgarlat. Although Claimant offered conflicting medical evidence, the referee resolved this conflict in favor of Employer. Credibility determinations are within the exclusive province of the referee. *Lukens, Inc. v. Workmen's Compensation Appeal Board (Hasiey)*, 91 Pa.Commonwealth Ct. 55, 496 A.2d 895 (1985).

In *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987), the Supreme Court held that a workers' compensation claimant seeking to avoid modification of benefits on the basis that he has partially recovered must show that he has in good faith followed through on job referrals provided by the employer in occupational categories for which the claimant has been given medical clearance. Mr. Colbert testified that he notified Claimant of four job opportunities which were available and approved by Dr. Sgarlat but that Claimant failed to apply for any of these positions. Claimant himself admitted that he made no application for the jobs suggested by Mr. Colbert. Notes of Testimony, dated April 14, 1988, at 24. Therefore, because we conclude that Claimant does not meet the good faith requirement of *Kachinski*, we will affirm the grant of the modification petition.

▮▮ With regard to the referee's determination that Employer is entitled to take credit for overpayment until compensation is adjusted, we must reverse. In *Vas v. Work-*

*men's Compensation Appeal Board (Bethlehem Steel Corp.),* 109 Pa.Commonwealth Ct. 447, 531 A.2d 555 (1987), this Court held that, absent a supersedeas, an employer cannot take credit for overpayment of workers' compensation benefits. Because the referee never granted Employer's request for a supersedeas, *Vas* is controlling and Employer is not entitled to deduct credit for overpayment from Claimant's future benefits. Where the referee fails to take proper action on Employer's request, it must be deemed denied. *Department of Labor and Industry v. Workmen's Compensation Appeal Board (Bethlehem Mines Corp.),* 79 Pa.Commonwealth Ct. 290, 469 A.2d 705 (1984). As a result, Employer may apply to the Workmen's Compensation Supersedeas Fund for reimbursement of payments made to Claimant after suitable work became available.[1]

Accordingly, we affirm the order of the Board insofar as it dismisses Claimant's appeal from the referee's grant of the modification petition. However, we reverse that portion of the Board's order which authorizes Employer to take credit for overpayment until compensation is adjusted.

## ORDER

AND NOW, this 12th day of October, 1990, we affirm the order of the Workmen's Compensation Appeal Board, dated December 7, 1989, to the extent that it grants the modification petition on the basis of partial recovery. We hereby reverse that portion of the decision which entitles the above-captioned Employer to take credit for overpayment until compensation is adjusted.

---

1. Because Employer's request for a supersedeas is deemed denied, Employer can apply to the Department of Labor and Industry for reimbursement from the Workmen's Compensation Supersedeas Fund. *See* Section 443 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 999.