593 A.2d 939

**Thomas BERES, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (LAWSON'S CONVENIENCE STORE), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 22, 1991.

Decided June 21, 1991.

Petition for Allowance of Appeal Denied Nov. 12, 1991.

Alexander J. Pentecost and Amiel B. Caramanna, for petitioner.

Roy F. Walters Jr. and James A. Mazzotta, for respondent.

Before COLINS and KELLEY, JJ., and BLATT, Senior Judge.

COLINS, Judge.

Thomas Beres (Beres) appeals an order of the Workmen's Compensation Appeal Board (Board) affirming the decision of the referee granting the modification petition of Lawson's Convenience Store (employer). We affirm.

On July 26, 1982, Beres suffered a work-related myocardial infarction in the course of his employment with employer and, as a result, he received payments at the total disability rate of $142.00, based on an average weekly wage of $179.93. Employer and its insurance carrier, Aetna Life & Casualty Company, have filed a petition for modification of compensation alleging that as of June 14, 1984, Beres has become partially disabled and that suitable job opportunities have been made available to him within his physical restrictions and geographical area of residence.

The issue in this case pertains to whether the Board properly affirmed the referee's grant of modification. Our scope of review is limited to determining whether findings of fact are supported by substantial evidence, whether errors of law were committed, or constitutional rights were violated. *Cashmark v. Workmen's Compensation Appeal Board (Great A & P Tea Co.)*, 135 Pa.Commonwealth Ct. 464, 580 A.2d 1189 (1990). The referee is the ultimate factfinder in cases such as this where the Board has not taken additional evidence. *Investors Diversified Services v. Workmen's Compensation Appeal Board (Howar)*, 103 Pa.Commonwealth Ct. 562, 520 A.2d 958 (1987). Questions of credibility remain within the exclusive province of the referee who may, in the exercise of discretion, accept or reject a witness' testimony, in whole or in part. *Mardee Sportswear v. Workmen's Compensation Appeal Board (Franglo, Inc.)*, 98 Pa.Commonwealth Ct. 327, 511 A.2d 905 (1986).

█ The Supreme Court in *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987), articulated four criteria to determine whether a modification petition allowing a claimant to return to work should be granted. These criteria are:

(1) The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.

(2) The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, e.g., light work, sedentary work, etc.

(3) The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

(4) If the referral fails to result in a job then claimant's benefits should continue.

*Id.*, 516 Pa. at 252, 532 A.2d at 380. Most importantly, the Supreme Court explicitly stated, "the refusal of the employee to pursue a valid job referral can provide a reason for altering benefits." *Id.*

The record in this case supports the fact that at the time modification was sought, Beres was only partially, not totally disabled. The referee accepted as substantial, competent, and credible the testimony of Dr. Kitsko who opined that Beres was no longer disabled as a result of the cardiac problem related to the episode at work, and that Beres was physically able to perform certain kinds of sedentary work with a limited amount of lifting, bending, squatting, and walking.

Also, evidence in the record indicates that Beres was presented with three job referrals which were analyzed by Melanie Russell, a vocational consultant, and found to be within Beres' physical capabilities and available to him. The referee's findings of fact show that Ms. Russell identified three positions. First, she referred Beres to a position

with Enrico's Bakery as a driver/salesperson. Secondly, she identified a position as salesperson with D & L Van Conversions Co., and she referred Beres to an opening with Things Remembered as a salesperson.

Beres argues that the referee's findings of fact are inadequate for appellate review, because the referee failed to answer the question of whether Beres demonstrated that he applied in good faith to the job referrals. We disagree. In findings of fact Nos. 8 through 11, the referee found:

8. Based upon review of the relevant testimony and medical evidence, your Referee accepts as substantial, competent and credible the testimony of Dr. Kitsko that claimant is able to perform within his physical limitations, the three jobs, either as a driver/salesperson with Enrico's Bakery, salesperson with D & L Van Conversions, and [sic] salesperson with Things Remembered.

9. Based upon review of all the relevant testimony and medical evidence, your Referee accepts as substantial, competent and credible the testimony of Ms. Melanie Russell that three positions are available to the claimant, namely, driver/salesperson with Enrico's Bakery, salesperson with D & L Van Conversions, and salesperson with Things Remembered, he is capable of performing within his physical limitations.

10. Based upon review of the relevant testimony and medical evidence, your Referee assigns no probative weight to claimant's testimony regarding his desire and capability of working in the job positions made available to him.

11. Based upon a review of all the testimony and evidence, your Referee finds as a fact that claimant is capable of performing the three job positions made available to him.

Significantly, the referee discredited Beres' testimony regarding his sincerity in applying for the jobs in finding of fact No. 10.

Moreover, deposition testimony of record indicates that Beres failed to apply for the job with Enrico's Bakery.

While Beres argues that he applied for the job with Enrico's Bakery, the referee exercised his power to reject this testimony regarding the job application, accepting the testimony of Melanie Russell as to Beres' failure to apply for the job. The Pennsylvania Supreme Court has clearly established that the failure to apply for all valid job referrals constitutes grounds for modification of benefits. *Kachinski* at 252, 532 A.2d at 380. *See also Cashmark.* We hold that Beres' failure to apply for the job with Enrico's Bakery constitutes bad faith which justifies a modification of benefits.

The above-stated discussion indicates that the referee's findings of fact are adequate for appellate review. The referee is required to find the critical facts upon which to base his conclusions. Furthermore, a referee's findings need only be sufficient "to demonstrate that the fact-finding function was performed and to permit the reviewing court to determine whether substantial evidence supports the conclusions reached." *Marcks v. Workmen's Compensation Appeal Board*, 65 Pa.Commonwealth Ct. 107, 111, 442 A.2d 9, 11 (1982). *See also Investors Diversified Services.* Findings of fact Nos. 8 through 11 clearly indicate that the referee found the facts which were critical to his decision to modify benefits. Furthermore, the referee's conclusions, regarding the availability of jobs which Beres was capable of performing and related to employer's entitlement to a modification of benefits, are supported by substantial evidence.

Therefore, we affirm the order of the Board granting employer's modification petition.

### ORDER

AND NOW, this 21st day of June, 1991, the order of the Pennsylvania Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

KELLEY, Judge, dissenting.

I respectfully dissent. We have consistently held that it is the duty of this Court to remand a workmen's compensa-

tion case when the order appealed from is contradictory, ambiguous, and where the referee fails to make findings which are sufficiently specific to reach the legal conclusions necessary to dispose of the case. *See Port Authority of Allegheny County v. Workmen's Compensation Appeal Board (Hamilton)*, 95 Pa.Commonwealth Ct. 594, 505 A.2d 1372 (1986), and cases cited therein.

As the majority explains, a modification petition involves a shifting burden of proof. The employer must first show a change of medical condition, followed by availability of work within claimant's limited capabilities. *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). The burden then shifts to the claimant to demonstrate that he has in good faith followed through on the job referral(s). If the referral fails to result in a job, the claimant's benefits are continued. *Id.*, 516 Pa. at 252, 532 A.2d at 380.

Here, it is clear that employer met the first two conditions of *Kachinski*. The referee, however, found that:

7. Testimony of the claimant reveals that he experiences shortness of breath, wheezes and his chest is tight. He admitted that he still smokes cigarettes and drinks alcohol. He applied for the three positions with Enrico's Baker [sic], D & L Van Conversions, and Things Remembered respectively, but received no request for interviews of offers of employment for any of the position [sic]. He indicated that the position with Enrico's Bakery was not suitable for him and that he was not qualified for a fourth position as a telemarketing representative for U–Haul center for which he, however, applied.

This finding contradicts the referee's later Finding of Fact No. 9, in which the referee finds that "three positions are available to the claimant, namely, driver/salesperson with Enrico's Bakery, salesperson with D & L Van Conversions, and salesperson with Things Remembered...."

Since the referee found as fact that claimant had applied for the jobs but that he had received no interview or job

offer, this finding would support a continuation of benefits. Finding of Fact No. 9, of course, would support a grant of modification. Since the two findings are diametrically opposed, I would hold that the record is insufficiently complete for appellate review and remand for additional findings solely on the issue of claimant's good faith effort to pursue the job referrals.

I also fail to find, as did the majority, that the contradiction is "cured" by the referee's Finding of Fact No. 10, in which the referee noted that he assigned "no probative weight to claimant's testimony regarding his desire and capability of working in the job positions made available to him." The majority would have this finding read as a credibility determination which it would then use to negate Finding No. 7. I believe that this goes beyond our scope of review.

The referee found as fact that claimant had applied for the positions. Claimant's testimony, on which the referee made no credibility finding, provides substantial evidence for this finding.[1] Because I find the referee's findings of fact contradictory and unintelligible, I would reverse the Board and remand to the referee for appropriate findings.

1. Reproduced Record at 132–135. Specifically, regarding the job at Enrico's Bakery, claimant was asked:

Q. Did you apply for a job at Enrico's Bakery as a driver-salesperson?
A. Yes, ma'am.
Q. When did you apply for this job?
A. That was on, I think, the 28th of—I don't know the exact date. 4/28/86.
Q. Do you know who you talked to there?
A. I guess it was the owner or the manager.
Q. What was his name?
A. Let's see. It looks like S-f-e-l-l.
Q. I am showing you an application for employment. Did you fill this out at Enrico's Bakery?
A. Yes, ma'am.

A copy of the application is in the Reproduced Record at 162–163.