638 A.2d 1037

**Ruby BROWN, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (VILLAGE THRIFT STORES, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Sept. 10, 1993.

Filed Dec. 20, 1993.

Publication Ordered March 17, 1994.

Kathleen Kennedy, for petitioner.

Gayle B. Frink, for respondent.

Before SMITH and KELLEY, JJ., and SILVESTRI, Senior Judge.

KELLEY, Judge.

Ruby Brown (claimant) suffered a work-related injury to her shoulder on January 27, 1988, while employed by Village Thrift Stores, Inc. (employer). Employer provided claimant with total disability benefits pursuant to a notice of compensation payable. On April 25, 1990, employer filed a modification petition alleging that claimant had recovered sufficiently from her injury to be capable of returning to work available in the community. At the hearings before a referee, both parties presented the testimony of medical experts and employer introduced the testimony of a vocational expert. The referee found the testimony of employer's witnesses to be credible and suspended claimant's benefits based on the availability of a job with wages greater than claimant's pre-injury wages. Claimant appealed to the Workmen's Compensation Appeal Board which affirmed. This appeal followed.[1]

█ This court's scope of review is to determine if constitutional rights have been violated, an error of law has been made, or necessary findings of fact are not supported by substantial evidence. *Russell v. Workmen's Compensation*

1. This case was reassigned to this author on October 29, 1993.

*Appeal Board (Volkswagen of America),* 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

Claimant's sole argument is that the referee erred in concluding that claimant did not act in good faith. To support a modification petition, an employer must produce medical evidence of a change in claimant's condition establishing that claimant has recovered some or all of the ability to work, and then must produce evidence of employment available to the claimant which falls within claimant's limitations. *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.),* 516 Pa. 240, 532 A.2d 374 (1987). Once the employer has produced evidence of job availability within claimant's physical and occupational restrictions, the claimant must then demonstrate that he or she has followed through on the referrals in good faith. *Id.* Failure to demonstrate good faith follow through on job referrals will result in a modification of benefits.

Employer's vocational expert testified that she found five positions within claimant's physical and occupational restrictions. Claimant applied for two of those positions but was not hired due to the availability of a more qualified applicant. Claimant failed to apply for the remaining three positions.

In Finding of Fact No. 6, the referee stated as follows with respect to the three positions for which claimant did not apply:

> [C]laimant . . . testified that she went to the location of the Central Parking System position but was advised that applications were not being taken. She testified that she did not attend or apply for the position at E–Z Park due to not having carfare. She further testified that she failed to apply for the position at the 7901 Apartments due to the length of travel and the geographic location of that site. I find the testimony of the claimant to be credible in this case and adopt it as the facts of the case.

The referee then went on to state the following in Conclusion of Law No. 5:

> Claimant's testimony that she was without carfare to go to a job interview at E–Z Park is not a legally sufficient

excuse and as such as to this job she failed to act in good faith in following up on the referral. I therefore conclude that defendant is entitled to a modification of claimant's benefits in accordance with the wages available at the E–Z Park position. . . .

We agree with claimant's argument that the referee erred in concluding that she did not act in good faith with respect to the E–Z Park position. The referee adopted claimant's testimony as the facts of the case and claimant testified that she did not apply for the E–Z Park position because she did not have carfare. Once the referee found as a fact that claimant did not apply for the position because she did not have the money to obtain transportation, we fail to see how the referee could then conclude that claimant did not act in good faith. The referee made no other finding which would indicate that claimant had an alternative means of transportation. Because there is nothing in the referee's findings which would support a conclusion that claimant acted in bad faith, we must conclude that the referee erred in this regard.

Accordingly, we will reverse the order of the board.

### ORDER

NOW, this 20th day of December, 1993, the order of the Workmen's Compensation Appeal Board, dated April 30, 1993, at No. A92–1987, is reversed.

SILVESTRI, Senior Judge, dissenting.

Brown worked as a hanger for Employer. Her position involved reaching overhead to hang items on a line. During the course of her employment, Brown experienced shoulder pain which prevented her from working as of January 27, 1988. On March 15, 1988, Employer issued a notice of compensation payable and provided total disability payments to Brown. On April 25, 1990, Employer filed a modification petition asserting Brown's present physical condition indicating she was capable of returning to gainful employment in the community.

A hearing was held before a referee. At the hearing, Employer submitted the deposition testimony of Dr. Noubar Didizian, a board-certified orthopedic surgeon, and the deposition testimony of Anne Schwartz, a vocational expert. Brown testified on her own behalf and also submitted the deposition testimony of her treating physician, Dr. John Bowden.

Dr. Didizian was of the opinion that Brown suffered from bursitis of the right shoulder and could not return to her previous position with Employer but could return to other gainful employment with certain restrictions. Dr. Bowden opined that Brown suffered a reflex sympathetic dystrophy of the right shoulder and was unable to perform any type of employment. The referee found the testimony of Dr. Didizian to be more credible than the testimony of Dr. Bowden.

As to the testimony of the vocational expert, Anne Schwartz testified that she located five positions within Brown's physical and occupational limitations. Of these five positions, Brown was not hired for two because of the availability of a more qualified applicant. Brown failed to apply for any of the three remaining positions. Brown testified that she went to the location of one of the positions but was advised that applications were no longer being taken. As to another position, Brown did not apply because of the length of travel and the geographic location. Brown testified that she did not apply for the third position available at E–Z Park because she did not have the carfare.

The referee found the testimony of Brown to be credible but concluded that Brown had not acted in good faith regarding the E–Z Park job referral as lack of carfare was not a sufficient excuse for failing to attend the job interview. The referee then determined Employer was entitled to a modification of benefits as of the date Brown was notified of the position, December 4, 1989. The Board affirmed the decision of the referee on the basis that it could not substitute its judgment for that of the referee in such a factual determination.

The issue in this case is whether the Board properly affirmed the referee's grant of modification. Brown asserts the referee erred in modifying her benefits on the basis of a lack of good faith in following up on the job referral.

To support a modification petition, an employer must produce medical evidence of a change in claimant's condition establishing that claimant has recovered some or all of the ability to work, and then must produce evidence of employment available to the claimant which falls within claimant's limitations. *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). Once the employer has produced evidence of job availability within claimant's physical and occupational restrictions, the claimant must then demonstrate he or she has followed through on the referrals in good faith. *Kachinski.* Failure to demonstrate good faith follow through in job referrals will result in a modification of benefits. *Champion Home Builders Co. v. Workmen's Compensation Appeal Board (Ickes)*, 136 Pa.Commonwealth Ct. 612, 585 A.2d 550 (1991), *appeal denied,* 528 Pa. 638, 598 A.2d 995 (1991).

A lack of good faith follow through may be established by a failure to apply for referred positions within the claimant's limitations. *Champion.* The issue of whether a claimant has demonstrated good faith follow through in job referrals is a factual determination to be made on a case by case basis. *Cashmark v. Workmen's Compensation Appeal Board (Great A & P Tea Co.)*, 135 Pa.Commonwealth Ct. 464, 580 A.2d 1189 (1990); *Roadway Express, Inc. v. Workmen's Compensation Appeal Board (Lewis)*, 113 Pa.Commonwealth Ct. 230, 536 A.2d 870 (1988). The referee is the ultimate fact finder in cases such as this where the Board took no additional evidence. *Investors Diversified Services v. Workmen's Compensation Appeal Board (Howar)*, 103 Pa.Commonwealth Ct. 562, 520 A.2d 958 (1987). In this case, the referee found that Brown had failed to follow through on the job referral at E–Z Park as testified to by Brown herself. The record supports this fact.

The Pennsylvania Supreme Court has previously determined that the failure to apply for all valid job referrals constitutes grounds for modification of benefits. *Kachinski.* This court has followed this established principle. *See Beres v. Workmen's Compensation Appeal Board (Lawson's Convenience Store),* 140 Pa.Commonwealth Ct. 497, 593 A.2d 939 (1991), *appeal denied,* 529 Pa. 624, 600 A.2d 539 (1991). *See also Cashmark.* The majority now departs from this principle.

In today's society, it is naive and incredible that a person can continue on compensation by virtue of the sole fact that they have no money to pay for public transportation to attend an interview. The effect of the majority's conclusion is an open invitation to all persons on compensation who have arrived at a stage of recovery from their work-related injury and can perform other work within their capabilities that when notified of what positions are available, they can be excused from applying for the position simply by stating "I do not have the car fare to go to the potential employer's place to apply or be interviewed." I would affirm the Board, and thus, dissent.