645 A.2d 345

**BERNIE'S BAKERY, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (WELLS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted April 29, 1994.

Decided June 22, 1994.

Kim Ross Houser, for petitioner.

Gregory M. Kurk, for respondent.

Before McGINLEY and KELLEY, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

Employer Bernie's Bakery petitions for review of the October 22, 1993 order of the Workers' Compensation Appeal Board, in which the Board reversed the October 9, 1992 decision of the Referee to grant Employer's modification petition. The Referee had modified Claimant Sarah Wells' benefits pursuant to Section 413(a) of The Pennsylvania Workers' Compensation Act [1] for her failure to pursue part-time job referrals in good faith.

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 772.

 The principal issue before us is whether a determination of bad faith is warranted where Claimant decides not to pursue a job referral in which she was not interested, when the job referral notice apparently gave Claimant the option of not applying if disinterested and indicated that the application deadline for the job expired in one day.[2] We conclude that, under these circumstances, Claimant's conduct does not evidence bad faith. However, because the Referee determined that Claimant failed to pursue several other job referrals, we vacate the Board's decision and remand for necessary findings of fact and conclusions of law consistent with this opinion.

## Facts

Claimant Sarah Wells had been receiving total disability benefits pursuant to a Notice of Compensation Payable for a low-back strain which she sustained on June 23, 1988. On June 21, 1991, Employer filed a Petition for Termination or Modification alleging that Claimant's physical capability and earning capacity had returned to pre-injury status, but that Claimant failed to make a good faith effort to return to work.

The Referee, Geoffrey L. Seacrist, granted a modification of benefits based on the wage rate of a sales position with Montgomery Ward, available September 20, 1990. In reaching his conclusion, the Referee determined, based on the testimony of Employer's medical expert and Claimant herself, that Claimant has been capable of performing sedentary work on a part-time basis since September 4, 1990. In finding that Claimant had failed to pursue in good faith the Montgomery Ward job referral, the Referee relied upon Claimant's admission that she did not apply for the job. The Referee, thus, rejected Claimant's contention that she was excused from applying for the job because the referral notice provided, "[s]hould you be interested in this employment opportunity,

2. Where, as here, the Board took no additional evidence, our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Sebro)*, 132 Pa.Commonwealth Ct. 288, 572 A.2d 843 (1990).

please go to this employer immediately upon receipt of this notice and fill out an application." (Original Record, Teri S. Soyster Deposition exhibit).

On appeal to the Board, Claimant argued that the Referee erred in concluding that Claimant's failure to follow up on the Montgomery Ward job referral constituted bad faith when she received the notice only one day before the application deadline and, further, was not interested in the position. The Board agreed with Claimant that the Montgomery Ward referral notice appeared to give Claimant the option of not applying, depending on her interest in the job. In light of the one-day period in which Claimant had to make this employment decision, the Board determined that the Referee's finding of bad faith was in error.

Employer argues before this Court that, under *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987), an employer is obligated only to show that work is available; the claimant is obligated to apply for those positions in good faith. Citing *Hendry v. Workmen's Compensation Appeal Board (Miller & Norford, Inc.)*, 133 Pa.Commonwealth Ct. 28, 577 A.2d 933 (1990), Employer asserts that a claimant's personal feelings about a job are irrelevant if the claimant is physically able to perform the job. Further, Employer contends that the Board usurped the Referee's role as fact-finder in finding that the Montgomery Ward position was available for only one day when the Referee had determined that the job was open from September 20, 1990 to October 11, 1990. Thus, according to Employer, Claimant's failure to pursue the Montgomery Ward referral alone is sufficient evidence of bad faith to warrant modification of her benefits. In any event, Employer contends that the Board erroneously failed to consider the Referee's determination that Claimant had not pursued several other job referrals in good faith.

Claimant argues that the Referee's opinion is based solely on Claimant's failure to follow up on the Montgomery Ward referral. In focusing on only one job referral, Claimant argues that the Referee improperly failed to consider that she

had followed up on seventeen of twenty-one job referrals that she received. Additionally, with respect to the Montgomery Ward referral, Claimant contends that the Board properly found that Claimant was given the option of not applying for the position. Because Claimant was not interested in the job, she argues that she was excused from applying.

## Discussion

The Supreme Court in *Kachinski* set forth the following four-part test to determine whether a claimant's benefits may be modified because work is available within the claimant's physical limitations:

1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.

2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, *e.g.* light work, sedentary work, etc.

3. The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

4. If the referral fails to result in a job then claimants benefits should continue.

*Kachinski*, 516 Pa. at 252, 532 A.2d at 380.

Employer does not dispute, on appeal, that Claimant has residuals from her work-related disability. Claimant does not dispute that she is capable of performing the jobs made available to her by Employer. The only disputed issue under *Kachinski* is whether Claimant adequately demonstrated that she pursued in good faith Employer's job referrals, particularly the referral for the Montgomery Ward position.

Claimant admits that she did not apply for the job. She explained that she did not apply because "[the referral notice] stated if I was interested I was to contact them and I just wasn't interested in working at Montgomery Ward." (R.R. at 26a.) As noted by Employer, we have previously held that a claimant's personal feeling about a job is irrelevant; a claim-

ant capable of performing a job must make a good faith effort to apply for the position. *Hendry; State Products Corp. v. Workmen's Compensation Appeal Board,* 61 Pa.Commonwealth Ct. 366, 434 A.2d 207 (1981). However, in our previous cases, there was no evidence that the employer's referral notices contained any language indicating that the claimant had the option not to apply for the job. The case before us, thus, presents a unique situation. Under these circumstances in which Claimant has exercised an apparent choice provided by Employer not to apply for a job, we do not believe that Claimant's failure to apply for the position evidences bad faith.

Further, the referral notice stated that "[t]his employer will be accepting applications through Saturday, September 22, 1990" which was one day after Claimant received the notice. There is no evidence that Claimant was aware that the Montgomery Ward job actually remained open until October 11, 1990. Thus, from Claimant's perspective, she was given only one day to apply for the position. Like the Board, we agree with Referee Seacrist's initial assessment of the circumstances: "I don't think a delay of one day in applying for a job can be considered unreasonable. If it was already filled the day after she got the letter, it doesn't matter whether she had any intentions of applying or not." (R.R. at 27a.) We, therefore, agree with the Board that Claimant's failure to apply for the Montgomery Ward position does not warrant a determination of bad faith when Employer gave Claimant the apparent option of not applying for the job if disinterested and, regardless of her intentions, apparently gave her only one day in which to apply for the position.

■ Our conclusion that the Referee erred in modifying Claimant's benefits based on the Montgomery Ward position, however, does not complete our inquiry. Under Pennsylvania law, a claimant's failure to pursue in good faith *any* valid job referral warrants a finding of bad faith. *Beres v. Workmen's Compensation Appeal Board (Lawson's Convenience Store),* 140 Pa.Commonwealth Ct. 497, 593 A.2d 939, *petition for allowance of appeal denied,* 529 Pa. 624, 600 A.2d 539 (1991).

In this case, the Referee noted that Claimant failed to respond to three other job referrals. However, because the Referee based his decision on the Montgomery Ward position, the Referee did not reach a conclusion as to whether Claimant's failure to apply for the additional positions showed bad faith on her part. Therefore, although we agree with the Board's holding that Claimant's failure to apply for the Montgomery Ward job did not amount to bad faith on her part, we vacate the Board's order and remand this case to the Board for necessary findings of fact and conclusions of law as to the other three referrals consistent with this opinion.

## ORDER

AND NOW, this 22nd day of June, 1994, the order of the Workers' Compensation Appeal Board dated October 22, 1993 at No. A92–2772 is hereby vacated and this matter is remanded to the Board for further findings consistent with this opinion.

Jurisdiction relinquished.