**PROCESS INSTRUMENTATION & ELECTRIC, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (DRAINA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 5, 1997.

Decided April 22, 1998.

Joseph R. Baranko, Jr., Hazleton, for petitioner.

Clement E. Kisailus, Wilkes-Barre, for respondent.

Before COLINS, President Judge, LEADBETTER, J., and JIULIANTE, Senior Judge.

LEADBETTER, Judge.

Process Instrumentation & Electric (employer) appeals the Workers' Compensation Appeal Board's [1] (Board's) order, which reversed the Workers' Compensation Judge's (WCJ's) decision granting employer's petition to modify David Draina's (claimant's) benefits. The question presented is whether the WCJ erred in determining that claimant acted in bad faith in failing to pursue a job referral in which he was not interested, when the job referral notice apparently gave claimant the option of not applying. For the following reasons, we reverse.

On October 24, 1991, claimant was injured while in the course and scope of his employment with employer. Pursuant to a Notice of Compensation Payable issued on December 2, 1991, acknowledging claimant's lumbosacral sprains with degenerative disc disease and/or herniation at the C5–6 and L5–S1 vertebrae, claimant received benefits of $334.70 per week. On March 29, 1993, employer filed a Petition to Modify claimant's benefits, alleging that, as of December 8, 1992, claimant had been cleared to return to modified work, which was made available to him, but that claimant failed to make a good faith effort to follow up on job referrals. Claimant's Answer averred that he had not acted in bad faith because he was planning to move to Nevada and, therefore, could not accept a position in Pennsylvania.

A full hearing was held before the WCJ on November 4, 1993, at which employer presented the testimony of Judith Price of Vocational Rehabilitation Services. Employer also presented the deposition testimony of Dr. William J. Dempsey on December 9, 1993. Claimant testified at the hearing, but did not present any medical evidence in opposition to employer's petition. The WCJ made the following relevant findings of fact:

7. The basis for the Defendant Employer's Petition was that the Claimant was physically capable of performing four (4) positions.... Dr. Dempsey testified on behalf of the Defendant Employer that the Claimant was physically capable of performing each of these various positions.

8. Claimant admitted that he received notice of the availability of each of the four (4) positions. Claimant did not apply for any of the jobs because Claimant was not interested in any of them. Claimant offered that the first sentence of each letter to the Claimant stated that the letter is notifying him of an employment opportunity which "he may be interested in". Inasmuch as Claimant was not interested in any of the positions, again he did not apply for the same. Claimant wanted to move to a warmer climate with his son to Nevada.

...

10. After a careful review of the evidence of record, this Judge accepts as credible the findings and opinions of Dr. William J. Dempsey, Jr., together with the vocational testimony of Judith Price relevant to the four (4) positions which were secured for the Claimant. This Judge finds that the Claimant did not make application for any of the positions although he was physically capable of performing the same and received timely and adequate notice of the availability of the same.

(WCJ's decision, p. 3).

Based on the foregoing findings, the WCJ rejected claimant's contention that the language of the job referral notices excused him from applying for the jobs and modified claimant's benefits for his failure to pursue job referrals in good faith. On appeal to the Board, claimant argued that the WCJ erred in concluding that his failure to follow up on the job referrals, which did not interest him, constituted bad faith when the cover letters notified him of employment opportunities, which he "may be interested in." Relying on this court's decision in *Bernie's Bakery v.*

---

1. The Act of June 24, 1996, P.L. 350, amended Section 107 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 27, by renaming the Workmen's Compensation Appeal Board, as Workers' Compensation Appeal Board, effective August 23, 1996.

*Workmen's Compensation Appeal Bd. (Wells)*, 165 Pa.Cmwlth. 304, 645 A.2d 345 (1994), the Board concluded that the referral notices appeared to give claimant the option of not applying for the jobs, depending on his interest. Thus, the Board reversed the WCJ's decision and reinstated claimant's benefits.[2]

In *Kachinski v. Workmen's Compensation Appeal Bd. (Vepco Constr. Co.)*, 516 Pa. 240, 532 A.2d 374 (1987), the Pennsylvania Supreme Court set forth a four-part standard governing whether a claimant's compensation benefits will be modified:

1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.

2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, *e.g.*, light work, sedentary work, etc.

3. The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

4. If the referral fails to result in a job then claimant's benefits should continue.

*Id.* at 252, 532 A.2d at 380.

The only disputed issue here is whether claimant demonstrated that he followed through on employer's job referral in good faith.

Employer contends that a claimant's personal feelings about a job are irrelevant if the claimant is physically able to perform the job and, thus, the Board erred in reversing the WCJ's bad faith determination based on claimant's lack of interest in the jobs. Claimant asserts that the Board, following our holding in *Bernie's Bakery*, properly concluded that claimant was excused from applying for the jobs since the notices gave him the option of not applying.

■ We believe both claimant and the Board read *Bernie's Bakery* too broadly. In

that case, the Board terminated benefits because the claimant had failed to follow up on *one* of several referrals, where the notice was sent to claimant one day before the application deadline expired *and* contained language suggesting that applying for the job was optional. *Bernie's Bakery* does not hold that a claimant has no duty to follow up on an appropriate referral if the notice is inartfully drafted or fails to command the claimant to apply or lose benefits. On the contrary, a claimant has an affirmative duty to follow up on suitable referrals, and if he fails to do so the employer has no additional burden of proving bad faith. *Bernie's Bakery* simply creates a limited exception that where a claimant is otherwise pursuing referrals in good faith, he will not become automatically ineligible because of one isolated misunderstanding.

■ Here, the WCJ found that claimant made no effort to apply for any of the positions to which he was referred because he was "not interested" in them in that he wanted to move to Nevada. Claimant simply did not "demonstrate that he [had] in good faith followed through on the job referrals." Thus, the Board erred in reversing the WCJ's denial of benefits.

### *ORDER*

AND NOW, this 22nd day of April, 1998, the order of Workers' Compensation Appeal Board in the above-captioned matter is hereby reversed.

■

---

2. Where, as here, the Board has taken no additional evidence, our scope of review, based upon the issue presented, is limited to determining whether an error of law was committed. *Bernie's Bakery*, 645 A.2d at 346 n. 2; 2 Pa.C.S. § 704.